## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

        Plaintiff,

v.                                      Civ.  No.  03-1236 JH/ACT

CARL D.  ROSENBLUM, an Individual,
CHARLES "TIM" ALLEN, an
Individual, and ORVILLE "GREGG" ALLEN,
an Individual,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on (1) Defendants' Motion to Dismiss (Doc.  No. 3), and

(2) Plaintiff's Motion For Leave To File A Surreply (Doc. No. 13).  For the reasons outlined below,

the Motion to Dismiss will be GRANTED in part and DENIED in part, while the Motion For Leave

To File A Surreply will be DENIED as moot.

## BACKGROUND

The purpose of a motion to dismiss is to test the sufficiency of the complaint, and the court

must "accept all allegations of the complaint as true and must construe them in the light most

favorable to the plaintiff." *Coosewoon v. Meridian Oil Co*., 25 F.3d 920, 924 (10th Cir. 1994).  The

court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and reads

all reasonable inferences in favor of the plaintiff.  *See Witt v. Roadway Express*, 136 F.3d 1424, 1428

(10th Cir. 1998).  The following facts are set forth in the Complaint, and the Court therefore accepts

them as true for the purpose of ruling on Defendants' Motion to Dismiss.

Plaintiff Galaxy Ventures, LLC ("Galaxy") is a New Mexico corporation with its principal place of business in Albuquerque. Defendants Charles and Orville Allen ("the Allens") are residents of Texas, and their agent, defendant Carl Rosenblum ("Rosenblum"), is a resident of Louisiana. On December 16, 2002, Galaxy purchased certain commercial real estate in the City of Albuquerque ("the Property") from DePonte Investments, a non-party to this case. DePonte Investments, in turn, had acquired the Property only three days earlier from the Allens.[1]

After purchasing the Property, Galaxy constructed a building on the property and entered into a lease with the Department of Human Services of the State of New Mexico. In addition, Galaxy had obtained a construction loan for the building. In May of 2003, Galaxy entered into an agreement to sell the Property as part of a tax-deferred exchange; closing on the sale was to take place prior to July 1, 2003. On June 26, 2003, Defendants filed Rosenblum's Affidavit of Pending Litigation and Disputed Title ("Rosenblum's Affidavit") in the public records of Bernalillo County, New Mexico. The Rosenblum Affidavit provides notice of a lawsuit filed by the Allens and various business entities against DePonte Investments and Brent DePonte in Texas state court ("the Texas litigation"). In the Texas litigation the Allens seek, *inter alia*, recission of their sale of the Property to DePonte Investments and a declaratory judgment entitling the Allens to share in the benefits and proceeds of the improvements constructed on the Property. The planned sale of the Property did not go through.

In the present case, Galaxy has asserted claims for (1) tortious interference with its existing contractual relationships with its lenders, prospective purchaser, and others; (2) negligent interference

---

[1] The complaint itself contains no allegations regarding the nature of the relationship between DePonte Investments and Galaxy. However, Defendants have presented the Court with documents that they claim illuminate the nature of the relationship between DePonte and Galaxy. Galaxy, in turn, has alleged in its response brief that DePonte Investments is a 50% owner of Galaxy. Response at p.4.

with contractual relations; (3) prima facie tort; (4) injunctive relief requiring defendants to remove the Rosenblum Affidavit from the public records of Bernalillo County; (5) slander of title; (6) malicious abuse of process; and (7) quiet title.  Defendants move for dismissal of all but the claim to quiet title to the Property.

**DISCUSSION**

**I.      AUTHORITIES CONSIDERED ON A MOTION TO DISMISS**

A threshold issue in this matter is whether or not the Court may consider various extrinsic matters attached to the motion to dismiss.  Specifically, defendants have attached Rosenblum's Affidavit of Pending Claims and Disputed Title, which in turn attaches the Fourth Amended Petition in the Texas action.  In addition, defendants have asked the Court to consider the Certificate of Comparison, Certificate of Organization, and Articles of Organization of Galaxy Ventures, LLC, which are on record with the New Mexico Public Regulation Commission.

As a general rule, in deciding a Rule 12(b)(6) motion a federal court may only consider facts alleged within the complaint.  *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  There are several exceptions to this rule.  First, a district court may review "mere argument contained in a memorandum in opposition to dismiss" without converting the Rule 12(b)(6) motion into a motion for summary judgment.  *Id.* (quotation omitted).  Second, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).  Both plaintiff and defendants agree that Rosenblum's Affidavit and its attachments fall within this exception, and therefore the Court will consider them for the purposes of this motion.

Under a third exception to the general rule, a court may take judicial notice of "matters of

3

public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).   Defendants contend that the documents on file with the New Mexico Public Regulation Commission (attached as Exhibit 2 to their Motion to Dismiss) fall under this exception.   However, a court may not take judicial notice of a fact that is "subject to reasonable dispute."  Fed. R. Evid. 201(b); *Lee v.  City of Los Angeles*, 250 F.3d 668, 690 (9th Cir.  2001).  Thus, the court may take judicial notice of relevant public documents, but only for the purpose of determining what statements the documents contain and not to prove the truth of the documents' contents.  The court does not accept the facts set forth in the public record as true. *See, e.g., Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Bryant v. Avado Brands, Inc*., 187 F.3d 1271, 1278 (11th Cir. 1999); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd*., 181 F.3d 410, 426-27 & n. 7 (3d Cir. 1999); *Kramer v. Time Warner Inc*., 937 F.2d 767, 774 (2d Cir. 1991).  With these limitations, the Court will consider defendants' Exhibit 2.

Finally, defendants have asked the Court to take judicial notice of certain address and telephone listings in the Qwest Dex Albuquerque Metropolitan Business Pages.  According to Rule 201(d) of the Federal Rules of Evidence, "[a] court shall take judicial notice if requested by a party *and supplied with the necessary information*."  Defendants have not supplied the Court with the pages of the directory containing the pertinent information, and therefore the Court declines to take judicial notice of it.

## II.     CLAIM FOR EQUITABLE RELIEF (COUNT IV)

In Count IV of its Complaint, plaintiff seeks a temporary restraining order and preliminary injunction against defendants enjoining them "from any further acts of interfering with the sale or

lease of Galaxy's property" and an order "requiring Defendants to remove the Affidavit from the public records of Bernalillo County, or to an order canceling and/or voiding any and all effect of said Affidavit."  Complaint ¶ ¶ 30-31.

In its Response to the motion to dismiss, plaintiff contends that the Affidavit should be canceled or voided because fails to satisfy the New Mexico lis pendens statute, which provides that:

> In all actions *in the district court of this state or in the United States district court for the district of New Mexico* affecting the title to real estate in this state, the plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may record with the county clerk of each county in which the property may be situate a notice of the pendency of the suit containing the names of the parties thereto, the object of the action and the description of the property so affected and concerned, and, if the action is to foreclose a mortgage, the notice shall contain, in addition, the date of the mortgage, the parties thereto and the time and place of recording, and must be recorded five days before judgment, and the pendency of such action shall be only from the time of recording the notice, and shall be constructive notice to a purchaser or encumbrancer of the property concerned; and any person whose conveyance is subsequently recorded shall be considered a subsequent purchaser or encumbrancer and shall be bound by all the proceedings taken after the recording of the notice to the same extent as if he were made a party to the said action.

NMSA 1978, § 38-1-14 (1965) (emphasis added).  Plaintiff claims that the Affidavit violates this statute in several respects.

### A.    <u>The Title Of The Document</u>

First, plaintiff contends that the Affidavit should be canceled because it is not titled "Notice of Lis Pendens."  However, this is of little import because the full title, "Affidavit of Pending Claims and Disputed Title," would give ample notice to a prospective lender or purchaser of real property (or anyone who cared to check the public record, for that matter) of the pendency of a lawsuit

affecting title to that real estate. There exists no reason, either in the statute or in public policy, to impose a requirement that the title of the document contain any particular "magic language."

**B.      The Texas Court's Ability To Affect Title To The Property**

Next, Galaxy contends that the Affidavit is improper because title to the New Mexico real estate is not at issue in the Texas litigation. This is an odd argument from Galaxy, particularly in light of the fact that it has filed a claims for slander of title (Count V) and quiet title (Count VII). There would be no reason for Galaxy to have asserted these claims if it did not believe that the outcome of the Texas litigation could affect its title to the Property. In fact, Galaxy alleges that "Plaintiff is credibly informed, based upon the Affidavit, that Defendants make a claim to the Property adverse to the Plaintiff's title and Plaintiff is entitled to have its title quieted to the Property with respect to any claim of Defendants herein." Complaint at ¶ 45. Given these allegations, Galaxy's argument appears a bit disingenuous.

From a legal standpoint, Galaxy's argument appears to rest on the theory that because the claim in the Texas litigation is one for recission of the sale of the Property rather than a claim to quiet title or foreclosure, the title of the Property is not directly affected by the outcome of that case. Rather, plaintiff argues, the Texas court can order the parties over whom it has personal jurisdiction to do certain things, but it cannot exercise jurisdiction *in rem* over the property and therefore cannot affect the title. Further, Galaxy argues that because it (as current owner of the Property) is not a party to the Texas litigation, the Texas court is powerless to use its personal jurisdiction to order a transfer or ownership or otherwise affect title. Defendants counter by arguing that DuPont Investments is currently and was Galaxy's sole manager at the time it purchased the property, and therefore Galaxy is bound by whatever judgment the Texas court imposes upon Dupont Investments.

Defendants appear to base this argument in large measure upon the statements contained in documents filed with the New Mexico Public Regulation Commission.

If accepted, Defendants' position would require the Court to draw factual and legal conclusions about the business and legal relationship between Galaxy and DuPont Investments based upon statements contained in the publicly filed documents contained in Defendants' Exhibit 2 and upon Galaxy's admissions in its response brief that it is 50% owned by DuPonte Investments. This the Court cannot do because the Court may accept those statements not for their truth, but merely for the fact that they were made in the public record. *See, e.g., Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). Certainly the parties have not presented the Court with sufficient information about the relationship between Galaxy and DuPont from which the Court could make a reasonable inference regarding whether or not DuPont has the ability to compel Galaxy to return the Property to the Allens. Therefore, this issue would be more appropriately addressed on a motion for summary judgment, at which time the Court could properly assess the evidence placed before it.

## C.   Litigation Outside Of New Mexico

Galaxy's final objection to the Rosenblum Affidavit is that it improperly purports to record notice of litigation outside of New Mexico, when in fact the New Mexico lis pendens statute specifically provides that one may record a lis pendens for "actions in the district court of this state or in the United States district court for the district of New Mexico affecting the title to real estate in this state..." NMSA 1978, § 38-1-14 (1965). Because on its face the statute appears to limit the recording of lis pendens to those regarding litigation in New Mexico state and federal courts, Galaxy

argues that the Texas litigation does not fall within the statute, that the Rosenblum Affidavit was improperly recorded, and that it should be removed from the public record.

There are good public policy reasons to permit parties to record notices of lis pendens that alert others to the existence of litigation outside of New Mexico that may affect title to property within the state. "The two objectives of the lis pendens statute—to protect court proceedings and to give notice to prospective purchasers—would be served if the statute were applied to out-of-state proceedings." *Belleville State Bank v. Steele*, 345 N.W.2d 405, 411 (Wis. 1984). Other courts have employed similar reasoning. *See, e.g., Kerns v. Kerns*, 53 P.3d 1157, 1162 (Colo. 2002); *TWE Retirement Fund Trust v. Ream*, 8 P.3d 1182, 1187 (Ariz. Ct. App. 2000).

However, only one court has overlooked express statutory language defining the scope of a proper lis pendens to cases filed within the state.[2]  In *Belleville State Bank*, the Wisconsin Supreme Court interpreted a state lis pendens statutes that applied "to all courts *in this state*, including United States district courts." *Id.*, 345 N.W.2d at 408 (emphasis added).  One party argued that this provision encompassed litigation occurring only in courts within Wisconsin, while the other argued that the statute should not be read so broadly as to exclude courts from outside the state. *Id*.  To resolve the issue, the Wisconsin court attempted to discern the legislature's intent, relying in large measure upon the detailed legislative history of the language in question. *Id*. at 408-09.  From this legislative history, the court concluded that the Wisconsin Legislature did not intend to prohibit the

---

[2]Other courts have concluded that notices of lis pendens regarding extraterritorial actions are proper, but unlike the New Mexico statute at issue here, the statutes in those states have not in any way limited or defined those courts for which a notice of lis pendens may be recorded. *See, e.g.*, *Kerns v. Kerns*, 53 P.3d 1157, 1160-61 (Colo. 2002); *TWE Retirement Fund Trust v. Ream*, 8 P.3d 1182, 1185-86 (Ariz. Ct. App. 2000).  Therefore, it was not difficult for those courts to conclude that notices of lis pendens may be filed for extraterritorial actions.

filing of notices of lis pendens regarding litigation in other states affecting real estate in Wisconsin. *Id*. at 409.  Then, after considering the history of the common law doctrine of lis pendens and the subsequent enactment of lis pendens statutes in Wisconsin and elsewhere, the court concluded that one may file a notice of lis pendens in Wisconsin regarding litigation occurring in another state.

This Court does not disagree with the reasoning applied by the court in *Belleville State Bank*. However, in that case the clear and undisputed legislative history regarding the statute in question shed considerable light on the legislature's intent, an important factor in the outcome of the case.  In contrast, there is no similar information on which this Court may rely regarding the history of NMSA 1978, § 38-1-14.  Furthermore, the issue of legislative intent has been clouded even further by the subsequent statutory section, NMSA 1978, § 38-1-15.  That section addresses certain procedural matters regarding notices of lis pendens, including cancellation.  Section 38-1-15 provides that "the court in which said action was commenced, may in its discretion ... order the notice authorized by the preceding section to be canceled by the county clerk of any county in whose office the same may have been filed ..."  As Galaxy correctly points out, it would be virtually impossible for a court outside of New Mexico to order a county clerk within New Mexico to cancel a notice of lis pendens filed in his office. Thus, when read with the language of Section 38-1-14, this provision seems to weigh in favor of interpreting the statute to limit notices of lis pendens to actions in New Mexico courts.

Unfortunately, no New Mexico court has interpreted this aspect of Section 38-1-14.  In the absence of such decisions and in the absence of evidence of legislative intent, this Court is left with little guidance.  Furthermore, based on the limited factual record before the Court on a motion to dismiss, the Court has little information upon which it can evaluate the strength of the public policy factors—finality of judgments and notice to prospective purchasers of all pending actions , regardless

of location.  The Court may be in a better position to weigh the strength of the policy factors on a motion for summary judgment, where the record will be more complete.  Accordingly, Defendants' motion to dismiss Count IV will be denied.

## III.    CLAIM FOR SLANDER OF TITLE (COUNT V)

"The tort of slander of title occurs when one who, without the privilege to do so, wilfully records or publishes matter which is untrue and disparaging to another's property rights in land, as would lead a reasonable man to foresee that the conduct of a third purchaser might be determined thereby."  *Den-Gar Enters. v. Romero*, 94 N.M. 425, 430 (Ct. App. 1980).  Malice is an essential ingredient in a claim of slander of title.  *City of Hobbs v. Chesport, Ltd.*, 76 N.M. 609, 417 P.2d 210 (1966).

The New Mexico Supreme Court has announced that the filing of a notice of lis pendens is absolutely privileged and cannot support a claim for slander of title.  *Superior Const., Inc.  v. Linnerooth*, 103 N.M. 716, 719-20, 712 P.2d 1378, 1381-82 (1986).  The privilege applies except in "extreme circumstances," such as the publication of defamatory material that is irrelevant or immaterial to the subject of inquiry in the underlying judicial proceeding.  *Id*. at 1381.  Because the Allens seek recission of the sale of the Property in the Texas litigation, the contents of the Rosenblum Affidavit are relevant to that inquiry.

Defendants argue that the claim for slander of title should be dismissed because the absolute privilege applies to Rosenblum's Affidavit, which was recorded in order to achieve the objectives of the Texas litigation.  The court agrees.  Although Galaxy argues that the rule announced in *Linnerooth* should not apply because the underlying lawsuit was filed in another state and because the party affected by the filing of the notice of lis pendens (Galaxy) is not a party to the Texas

litigation, Galaxy fails to point to a single decision, let alone a New Mexico decision, in which a court has employed this reasoning.  Indeed, it makes little sense to subject Defendants to a claim for slander of title for filing a notice of lis pendens that affects a non-party, when in fact the very purpose of a notice of lis pendens is to put the entire world—including parties and non-parties—on notice that they are claiming an interest in the Property.  Under *Linnerooth*, the claim for slander of title should be dismissed.

The motion to dismiss Count V will be granted.

## IV.   CLAIM FOR TORTIOUS INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS (COUNT I)

Galaxy has also asserted a claim for tortious interference with existing contractual relations.  Last year, in *Fikes v. Furst*, 2003-NMSC-033, 134 N.M. 602, the New Mexico Supreme Court clarified the difference between this cause of action and one for tortious interference with *prospective* contractual relations, a claim not asserted in this case.  In order to prevail on a claim for tortious interference with existing contract, Galaxy must prove that Defendants took action to persuade others to break their contractual obligations to Galaxy and that Defendants accomplished this with *either* an improper motive or an improper means.  *Id*. at 608.  This is in contrast to a claim for tortious interference with prospective contractual relations, in which a plaintiff must prove that the defendant's *sole* motive was to harm the plaintiff.  *Id*. at 609.  *See also Silverman v. Progressive Broadcasting, Inc.*, 1998-NMCA-107, ¶ 28, 125 N.M. 500, 964 P.2d 61 (stating that a claim for prospective interference with contract requires a showing that the sole motive was to harm the plaintiff).

Defendants argue that Galaxy's claim must fail because it cannot show that Defendants' sole

11

objective was to harm Galaxy.  However, this is not the standard to be applied to a claim for interference with existing contractual relations.  In the complaint, Galaxy has pled that "a primary motive of the Defendants" was to disrupt Galaxy's contractual relationships.  Complaint at ¶ 42.  This satisfies the notice pleading standard set forth in Rule 8(a) of the Federal Rules of Civil Procedure.

Next, Defendants contend that the same absolute privilege that applies to judicial proceedings and prohibits claims for slander of title for the filing of a notice of lis pendens should also prohibit a claim for tortious interference with existing contractual relations, an argument never specifically addressed by a New Mexico court.  However, the Court need not address this argument because the New Mexico courts have already established the scope of the privilege applicable to this claim.  In *Williams v. Ashcraft*, 72 N.M. 120, 381 P.2d 55 (1963) and *Wolf v. Perry*, 65 N.M. 457, 339 P.2d 679 (1959), the New Mexico Supreme Court held that liability for interference with existing contractual relations may be imposed only where the interference was without justification or privilege.  "Privilege" is defined as a good faith assertion or threat by the one interfering to protect a legally-protected interest of his own which he believes might otherwise be impaired or destroyed by performance of the contract.  *Williams*, 72 N.M. at 122.  *Williams* and *Perry* remain the law in New Mexico on the tort of interference with existing contracts.  *See LeFevre v. Space Communications Co.*, 771 F.2d 421, 423 (10th Cir. 1985).

The question, then, is whether Defendants acted out of a desire to preserve their own legally-protected interests that they believed might otherwise be impaired by Galaxy's performance of its contracts.  Because this is a motion to dismiss, the Court must accept as true all the allegations in Plaintiff's complaint and view them in the light most favorable to Galaxy, the non-moving party.  *County of Santa Fe v. Pub. Serv. Co. of New Mexico*, 311 F.3d 1031, 1034 (10th Cir. 2002).  Galaxy

12

has alleged that Defendants' actions "were taken with the intent to injure Galaxy and lacked any justification." Complaint ¶ 27. These allegations are sufficient to survive a motion to dismiss at this stage. However, it may be appropriate to revisit the issue of whether the filing of Rosenblum's Affidavit was privileged or justified on a motion for summary judgment. *See LeFevre*, 771 F.2d at 423 (observing that summary judgment may be appropriate on a claim for tortious interference with existing contract, despite the fact that defendant's motive is an element of the claim).

The motion to dismiss Count I will be denied.

**V.      CLAIM FOR NEGLIGENT INTERFERENCE WITH EXISTING CONTRACTUAL RELATIONS (COUNT II)**

Plaintiff does not dispute the fact that New Mexico has yet to recognize a claim for negligent interference with existing contractual relations. This Court declines to create such a claim when neither the New Mexico State Legislature nor the New Mexico state courts have seen fit to do so. Therefore, Count II of the Complaint will be dismissed.

**VI.      CLAIM FOR MALICIOUS ABUSE OF PROCESS (COUNT VI)**

In order to prevail on a claim for malicious abuse of process, the plaintiff must allege and prove the following elements: (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitim ate end; and (4) damages. *DeVaney v. Thriftway Marketing Corp*., 1998-NMSC-001, ¶ 17, 124 N.M. 512, 518, 953 P.2d 277, 283. "In short, there must be both a misuse of the power of the judiciary by a litigant and a malicious motive." *Id*. This tort must be construed narrowly "in order to protect the right of access to the courts." *Id*. at ¶ 19.

13

In this case, Galaxy's claim fails on the first element: the initiation of judicial proceedings by the Defendants against Galaxy. None of the Defendants has filed or served a complaint against Galaxy. None of them has used the "power of the judiciary" against Galaxy. Instead, the Allens have sued DePonte Investments and Brent DePonte—entities that Galaxy admits are separate from itself—in Texas state court.

Galaxy's answer to this argument is that other courts have found the filing of a notice of lis pendens to be a sufficient basis for a claim for malicious abuse of process. As support for this argument, Galaxy cites to two cases from New Mexico, *Linnerooth*, *supra*, and *Ruiz v. Varan*, 110 N.M. 478, 797 P.2d 267 (1990), as well as cases from other jurisdictions. *See, e.g., Manders v. Manders*, 897 F. Supp. 972 (S.D. Tex. 1995); *Woodcourt II Ltd. v. The McDonald Co.*, 173 Cal.Rptr. 836 (Ct. App. 1981). However, Galaxy has overlooked the important fact that in each of these cases the party defending the malicious abuse of process claim had first filed a lawsuit against the claimant and then later recorded a notice of lis pendens giving notice of that lawsuit. That is not the case here, where the only lawsuit Defendants have filed is against persons and entities other than Galaxy. In fact, Rosenblum's Affidavit is merely a republication of the Texas litigation against DePonte Investments and Brent DePonte. *See Salas v. Bolagh*, 106 N.M. 613, 615, 747 P.2d 259, 261 (Ct. App. 1987) ("The lis pendens is simply a republication of the pleadings filed in the pending judicial proceeding.").

Galaxy misinterprets *DeVaney* when it relies upon that case. In *Devaney*, the Supreme Court made clear that one of the required element for the tort is the filing of a complaint and hence the misuse of the power of the judiciary. 1998-NMSC-001, ¶ ¶ 17-18, 20. However, a separate and independent element of the tort is that "there must be an overt act that is irregular or improper in the

normal course of proceedings." *Id.* at ¶ 21.  A plaintiff may satisfy this element, the misuse of process, in one of two ways: by demonstrating that the defendant lacked probable cause to file the complaint, or by showing that the defendant engaged in some sort of procedural impropriety suggesting extortion, delay, or harassment.  *Id.* at ¶ ¶ 20-22, 28.  However, these procedural improprieties do not supplant the need for the first element of the tort, which is the filing of a complaint against the plaintiff.  That required element is missing in this case.  *See also Saylor v. Valles*, 2003-NMCA-037, ¶ 14-15, 133 N.M. 432 (dismissing malicious abuse of process claim where plaintiffs had not been named as parties in underlying case).

Accordingly, Count VI of the Complaint will be dismissed.

## VII.   CLAIM FOR PRIMA FACIE TORT (COUNT III)

Prima facie tort provides a remedy for persons harmed by intentional and malicious acts that are otherwise lawful, but fall outside of the rigid, traditional intentional tort categories.  *Martinez v. N. Rio Arriba Elec. Coop., Inc.*, 2002-NMCA-083, ¶ 24, 132 N.M. 510, 51 P.3d 1164.  "The elements of a prima facie tort ... are (1) an intentional, lawful act, (2) committed with the intent to injure the plaintiff, (3) causing injury to the plaintiff, and (4) the absence of justification for the injurious act."  *Padwa v. Hadley*, 1999-NMCA-067, ¶ 24, 127 N.M. 416, 981 P.2d 1234.  However, it need not be shown that the act was solely intended to injure plaintiff.  *Schmitz v. Smentowski*, 109 N.M. 386, 395, 785 P.2d 726, 735 (1990).

Not every intentionally caused harm gives rise to an actionable tort:

> [O]nce intent to injure is established, the trial court must balance the defendant's act or acts against the justification for the act or acts and the severity of the injury, weighing (1) the injury, (2) the culpable character of the conduct, and (3) whether the conduct is unjustifiable under the circumstances.  Culpable conduct has been defined as

> conduct that is improper, wrongful, blameworthy, and not in accord with community standards of right conduct. Unjustified conduct has been defined as conduct that is not excusable or otherwise not privileged.

*Portales Nat'l Bank v. Ribble*, 2003-NMCA-093, ¶ 4, 134 N.M. 238, 240 (internal citations omitted).

It is true that the cause of action for prima facie tort should not be used to evade the required proof of essential elements of other claims. *See Stock v. Grantham*, 1998-NMCA-081, ¶ 38, 125 N.M. 564. However, based upon the pleadings, at this time it does not appear that Galaxy is entirely unable to state a claim for relief. Accordingly, the motion to dismiss Count III will be denied.

IT IS THEREFORE ORDERED THAT:

(1)     Defendants' Motion to Dismiss (Doc. No. 3) is GRANTED in part and DENIED in part;

(2)     Count II (Negligent Interference With Existing Contractual Relations), Count V (Slander of Title), and Count VI (Malicious Abuse of Process) of the Complaint are hereby DISMISSED WITH PREJUDICE; and

(3)     Plaintiff's Motion For Leave To File A Surreply (Doc. No. 13) is DENIED as moot.


UNITED STATES DISTRICT JUDGE

16