IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

                Plaintiff,

v.                                        Civ. No. 03-1236 JH/ACT

CARL D. ROSENBLUM, an Individual,
CHARLES "TIM" ALLEN, an
Individual, and ORVILLE "GREGG" ALLEN,
an Individual,

                Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion For Partial Summary Judgment (Doc. No. 14). In that motion, Plaintiff Galaxy Ventures, LLC ("Galaxy") asks the Court to grant summary judgment in its favor on Count IV of the Complaint, which requests injunctive relief. Specifically, Galaxy asks the Court to enter a temporary restraining order and a preliminary injunction "enjoining Defendants from any further acts of interfering with the sale or lease of Galaxy's property," as well as an order either canceling the lis pendens filed by Defendants regarding Galaxy's property or requiring Defendants to remove it from the public records. Complaint at ¶ 30-31.

Galaxy's motion should be denied for two reasons. First, Galaxy's request for summary judgment on this claim is in effect a request that this Court enter a temporary restraining order or preliminary injunction. In order to obtain this relief, Galaxy must show that four conditions are met: (1) irreparable harm to Galaxy if the injunction is not granted; (2) a substantial likelihood

that Galaxy will prevail on the merits; (3) threatened injury to Galaxy outweighs possible harm to the opposing party if the injunction is granted; and (4) that the injunction would not be contrary to the public interest. *ACLU v. Johnson*, 194 F.3d 1149, 1155 (1999).  However, Galaxy has made no showing on any of these required factors.  Most particularly, Galaxy has made no attempt to demonstrate that it cannot be adequately compensated by a remedy at law, such as damages. Accordingly, Galaxy is not entitled to summary judgment on its Count IV of its Complaint.

Second, Galaxy's motion for summary judgment (along with Defendants' response and Galaxy's reply) for the most part simply reiterates the arguments set forth in the parties' briefs regarding Defendants' Motion to Dismiss. Other than the affidavits of Brent DePonte and Carl Rosenblum and copies of certain documents from the court file in the Texas litigation involving some of the same parties, this Court has been presented with no additional evidence which it may employ in evaluating the strength of various policy factors relevant to the interpretation of the New Mexico statute at issue.  Accordingly, Galaxy's motion for partial summary judgment on Count IV should also be denied for substantially the same reasons as those set forth in this Court's Memorandum Opinion and Order regarding Defendants' motion to dismiss, which is being entered contemporaneously with this Memorandum Opinion and Order.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Partial Summary Judgment (Doc. No. 14) is DENIED.

_____
UNITED STATES DISTRICT JUDGE