## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,

                Plaintiff,

v.                                         No. CIV  03-1236 JH/LFG

CARL D. ROSENBLUM,
CHARLES "TIM" ALLEN, and
ORVILLE "GREGG" ALLEN,

                Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on two motions to quash filed by Plaintiff Galaxy

Ventures, LLC ("Galaxy") [Doc. Nos. 128 and 133], Defendant Carl Rosenblum's Motion to Strike

Plaintiff's Reply [Doc. No. 145], and a Motion to Compel Discovery Responses [Doc. No. 131], filed

by Defendants Carl D. Rosenblum, Charles "Tim" Allen and Orville "Gregg" Allen ("Rosenblum" or

"Allens" or "Defendants").  Three of the motions are fully briefed and ready for resolution; there is

no need for a reply to the Motion to Strike.  The Court has carefully considered the pertinent law,

all of the pleadings and attachments and makes the rulings set out below as to each motion.

### Background

On September 5, 2003, Galaxy filed a Complaint for Interference with Contractual Relations,

Injunctive Relief, Prima Facie Tort, Slander of Title, Malicious Abuse of Process and Quiet Title

against Defendants in the Second Judicial District Court for the District of New Mexico.  [Doc. No.

1

1, Complaint.]  According to Defendants, Galaxy seeks to recover millions of dollars.  On October 27, 2003, Defendants removed the case to federal court based on diversity jurisdiction.  [Doc. No. 1.]

The following facts are provided for background only and are supplied from pleadings and/or prior orders issued by the Court.  Galaxy is a New Mexico corporation with its principal place of business in Albuquerque.  Brent DePonte ("DePonte"), while not named in this lawsuit, is President of Deponte Investments, Inc. ("DPI") which is the manager and 50% owner of Galaxy.  Defendant Allens are residents of Texas.  Defendant Rosenblum,[1] a resident of Louisiana, is the Allens' agent and also an attorney.  All three Defendants are currently represented by two Albuquerque law firms in this lawsuit.

The basis of this lawsuit derives *inter alia* from Galaxy's purchase of commercial real estate in Albuquerque from DPI.  This sale occurred on December 16, 2002.  DPI had acquired the property from the Allens three days before DPI turned around and sold the property to Galaxy.  DPI was formerly a business partner with the Allens in the development of buildings and the Allens are associated with a number of companies ("BAMMF's") that have been in the business of developing and leasing government office buildings. Galaxy asserts that DPI, Galaxy and Allens are in the same competitive fields and are essentially business competitors.

In a related lawsuit in Texas state court, the Allens and 10 BAMMF companies (through their attorney Rosenblum) filed suit against DePonte and DPI seeking, *inter alia*, recission of the sale of property that was made in December 2002 to DPI.  That lawsuit is pending.

---

[1]Defendant Rosenblum filed a fully-briefed motion for summary judgment that is pending before the District Court.  He seeks dismissal of all claims asserted against him.

After Galaxy purchased the property from DPI, Galaxy constructed a building on the property and entered into a lease with the Department of New Mexico Human Services.  Galaxy obtained a construction loan for the building as well.  In May 2003, Galaxy entered into an agreement to sell the property as part of a tax-deferred exchange.  The closing was set to occur sometime before July 1, 2003.

On June 26, 2003, Rosenblum filed an Affidavit of Pending Litigation and Disputed Title in the public records of Bernalillo County, New Mexico, with respect to the property that Galaxy sought to sell.  Rosenblum's affidavit provided notice of the Texas litigation filed by the Allens and 10 BAMMF companies against DePonte and DPI.

Galaxy asserts that, because of the Rosenblum affidavit, the planned sale of the property did not go through.  It further contends that the Rosenblum affidavit interfered with Galaxy's ability to close its permanent financing for the building, that the recording of the affidavit was done without right or privilege and that it disparaged Galaxy's rights in the property.  Galaxy also claims that it suffered additional financing fees, placement of mechanics' liens and damages to relationships with other business entities.  Galaxy argues that the Allens filed the Rosenblum affidavit with the intention to interfere with Galaxy's sale of the property and to gain leverage in the Texas lawsuit over one of the owners of Galaxy, i.e., DPI or Deponte.

In this lawsuit, Galaxy initially brought seven claims against Defendants.  The District Court already ruled on one motion to dismiss filed by Defendants and dismissed three of the seven claims: negligent interference with existing contractual relations, slander of title, and malicious abuse of process.  Thus, the four remaining claims are: tortious interference, prima facie tort, request for injunctive relief and quiet title.

3

**Motions to Quash and Related Motion to Strike**

**I.    ROSENBLUM'S MOTION TO STRIKE REPLY [Doc. No. 145]**

As of February 7, 2005, Galaxy's Motion to Quash with respect to a subpoena served on First State Bank was fully briefed.  [Doc. Nos. 136, 144.]  In addition, non-party DPI and Deponte filed a "Joinder in Motion to Quash."  [Doc. No. 135.]  On January 10, 2005, the Court wrote counsel requesting an expedited response to the Motion to Quash before determining whether additional briefing was necessary.  Because the Court did not conduct a telephonic conference on this matter as it initially intended to do after a review of the response, Galaxy filed a reply.  In the reply, Galaxy responds, in part, to Defendants' opposition, but also raises new arguments, i.e., particularly with respect to matters concerning the related Texas litigation.

On February 15, 2005, Rosenblum[2] filed a request to strike Galaxy's reply, or alternatively for leave to file a surreply.  [Doc. No. 145.]  In the motion to strike, Rosenblum states that counsel for Galaxy admitted that its reply raised new arguments and that Galaxy did not oppose a surreply being filed.  Rather than submit a surreply, Rosenblum requested that the Court strike Galaxy's reply.  In response to the motion to strike, Galaxy asks that the Court consider both the reply and a surreply so as to be more fully informed on the issues.

The Court denies Rosenblum's Motion to Strike, and also denies the request that a surreply be filed.  In deciding the Motion to Quash, the Court considered the motion, response, and those portions of the reply that relate to the initial motion, along with the related attachments.

---

[2]Only Defendant Rosenblum filed the motion to strike.

## II.   GALAXY'S MOTION TO QUASH SUBPOENA (IN PART) TO FIRST STATE BANK [Doc. No. 128]

The subject of this motion is a subpoena [Doc. No. 129, Ex. 1] that Rosenblum served on First State Bank on December 29, 2004.  According to Galaxy, the subpoena attempts to obtain confidential and irrelevant loan and financial information from non-parties:  DPI, Deponte, Lenzer Enterprises, LLC ("LE"), and Martin and Patricia Lenzer ("Lenzers").[3]

The subpoena requests, *inter alia*, documents related to the property in question.  For example, Nos. 1-6 all appear to ask for information related to the property:  loan files, construction loan files, financing by First State Bank, financing of construction or building, liens or mortgages, agreements, modifications and/or amendments thereof, and loan applications and loan requests submitted to the Bank  Some of the other requests seek financial statements and balance sheets related to the property but provided to the Bank by non-parties to this litigation, including information from DePonte, DPI, Lenzers, and LE.  Nos. 7, 8.  Still other requests seek financial information of non-parties, without limitation to the property in question.  Moreover, when there is a date restriction provided, that limitation asks for information from 1995 to the present,[4] or for a 9-year period.  *See, e.g.,* Nos. 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23.  A few requests seek financial information that Galaxy provided to First State Bank, but without limitation to the property in question.  Nos. 13, 14.

---

[3]Although these motions and attachments do not make it clear, it appears that LE and the Lenzers are members of Galaxy.

[4]In subsequent communications, Rosenblum agreed to limit the time from 2002 to present rather than from 1995 to present.

### A.    _Galaxy's Arguments_

Galaxy presents three primary arguments as to why parts of the subpoena should be quashed. First, Galaxy observes that the subpoena did not comply with requirements of Fed. R. Civ. P. 45(a)(1)(D) which provide that every subpoena set forth certain provisions of the Rule in the body of the subpoena.  While the Court agrees that the subpoena should contain these provisions and advises the parties to adhere to the rule with all future subpoenas, if any, the Court elects not to quash the subpoena on this basis.

Galaxy also argues that some of the requests in the subpoena are an improper attempt to circumvent discovery and motion practice.  In support of this position, Galaxy asserts that Defendants served similar Rule 34 document requests (asking for allegedly private and confidential financial information) to which Galaxy objected and that Defendants did not contest the objections within the deadline for doing so.  In other words, instead of pursuing the requested discovery by way of timely contesting Galaxy's objections and filing a motion to compel, Rosenblum instead served a subpoena on a non-party financial institution in the attempt to make an "end run" around discovery deadlines and requirements.

Last, Galaxy contends that Rosenblum's financial requests in the subpoena seek information that should not be disclosed because it is not relevant to any claim or defense of any party, is invasive and is personal and confidential.  Galaxy further asserts that it has not put the personal financial information of its members or members' owners at issue in this case.

### B.    _Rosenblum's Opposition_

Rosenblum responds that the financial records of Galaxy and its members are highly relevant, "particularly given the broad scope of discovery under Rule 26(b)(1) and Plaintiff's damage claims

in this case." Rosenblum asserts that such information is relevant because Galaxy claims that Defendants tortiously interfered with Galaxy's ability to close its permanent financing for a building and that Galaxy's expert has opined that Defendants' actions constrained and limited Galaxy's access to credit for a $40,000 loan needed to finish certain construction. Rosenblum also argues that Galaxy relied on its individual members' financial statements to request and obtain financing for the project at issue and that First State Bank required the personal financial statements, etc. of individual members. Therefore, the member information is relevant.

In addition, Rosenblum contends that the relevancy of Galaxy's members' financial information is underscored by the discovery Galaxy already produced. For example, Defendants asked for documents reflecting the income and expenses received or incurred by Galaxy in relation to the property, and Galaxy produced documents showing expenses and income of DPI. Rosenblum argues that Galaxy cannot have it both ways – by relying on its members' documents to show Galaxy's financial state, and yet objecting to producing some of its members' financial documents.

With respect to Galaxy's position that Rosenblum's subpoena was an attempt to circumvent channels of discovery, Rosenblum states that defense counsel wrote "meet and confer letters" to Galaxy's counsel that specifically challenged Galaxy's objections to the production of financial statements and information. Rosenblum further explains that Defendants filed a timely Motion to Compel (*see* discussion *infra*) requesting production of these and other documents. Moreover, according to Rosenblum, the subpoena could not be an attempt to circumvent Galaxy's objections to discovery requests because the subpoena seeks documents and information that were not requested through Rule 34 document requests.

*C.*   **Analysis**

    1.   Timeliness

This question is narrowed to whether Rosenblum or Defendants waived their right to request financial information about Galaxy because they failed to timely contest Galaxy's objections to requests for production for some of the same or similar information. Local Rule 26.6 provides that a party served with objections to a document request must proceed under D.N.M. LR-Civ. 37.1 within 20 calendar days of service of an objection unless the response specifies that documents will be produced or inspection allowed. D.N.M. LR-Civ 26.6. The failure to proceed within the 20-day period constitutes acceptance of the objection. Id.

As best as can be determined by the Court, Request for Production No. 9 is the only document request that is pertinent to this question. The document request was served by Defendants[5] on Plaintiff. [Doc. No. 129, Ex. 2.] The request sought production of all documents relating to any financing attempts by Galaxy (including all documents Galaxy submitted to any and all financial institutions) for the purposes of obtaining financing for the property at issue. Galaxy objected to producing the requested financial information based on lack of relevance since the documents would tend to include financial statements of DPI, DePonte, LE and the Lenzers, whose resources were not at issue. Galaxy also objected on the grounds that the requested asset information was not relevant to the issues in the lawsuit and because the financial information was private. Galaxy then stated that any non-objectionable, responsive documents would be produced. Galaxy faxed and mailed its answers and objections to Defendants' prior counsel on June 4, 2004. Galaxy also mailed copies of

---

[5]It is not clear from the information before the Court whether "Defendants" means all three Defendants or just the Allens.

its answers and objections to Rosenblum's prior counsel and to all Defendants' current counsel (apparently this was the time period when Albuquerque counsel took over the case).  [Doc. No. 129, Ex. 3.]

At first blush, it appears that Defendants should have filed a motion to compel within 20 days of receipt of the June 4, 2004 objections.  However, in Galaxy's reply brief, counsel states that Galaxy re-stated its objection when it served documents on Defendants on October 25, 2004.  Thus, based on this representation, it seems that Galaxy concedes the 20 days ran from Defendants' receipt of the October 25, 2004 objections.  Galaxy also asserts that while it gave Rosenblum's counsel an extension to contest the objections to the "Rosenblum discovery requests," it did not give an extension to contest the objections to "Defendants'" discovery requests.[6]  The letter to which Galaxy refers regarding extensions is dated November 16, 2004 and is addressed to defense counsel.  It states that "[m]ost of the documents which have been produced by our office were in response to the discovery requests by [prior defense counsel] on behalf of all defendants.  I assume that you have no objection to that discovery response.[7]  I have agreed to extend the deadline for contesting our responses to the Rosenblum requests."  [Doc. No. 144, Ex. 3.]

In reading between the lines, it seems that Rosenblum served separate discovery requests on Plaintiff, that Plaintiff objected to them, and that Plaintiff gave defense counsel an extension to contest objections made to Rosenblum requests.  However, with respect to Galaxy's objections made to

---

[6]This matter of deciding whether Defendants complied with D.N.M. LR-Civ 26.6 is far more complicated than it should have been.  Counsel for all parties should communicate clearly with one another as to which party is serving the discovery, which party is objecting, who is asking for an extension, who is receiving an extension, and what period of time is granted for each extension.

[7]This appears to mean that Galaxy assumes Defendants did not challenge Galaxy's answers and objections to Defendants' discovery requests.

Defendants' (meaning possibly only the Allens') discovery requests, Galaxy did not provide any extension for challenges to those objections.   Request for Production No. 9 is contained in Defendants' Requests for Production.   At the latest, Defendants should have proceeded under Rule 37 within 20 days after receipt of the October 25, 2004 production and re-statement of objections.

Defendants rely on two letters (attached as Exhibits B and E to their Motion to Compel] showing their "timely" challenges to the objections.   Those letters are dated December 7, 2004 and December 17, 2004 and far exceed the time required to proceed under Rule 37.   Accordingly, with respect to the objections set out in response to Defendants' Request for Production No. 9, Defendants have consented to those objections.   The Court does not order any further production by Galaxy in response to that document request, nor does it require First State Bank to respond to the subpoena document requests that seek the same financial information of Galaxy's.   Therefore, the motion to quash is granted with respect to the subpoena requests that ask for the same or similar financial information about Galaxy that RFP No. 9 sought.

2.   <u>Relevancy</u>

Not all of the information requested in the subpoena is encompassed by Request for Production No. 9.   Based on the pleadings, it is difficult for the Court to sort out which subpoena requests overlap with Request for Production No. 9.   It is also difficult to determine what Galaxy means by moving to quash the subpoena "in part."   In its motion, Galaxy lists a number of subpoena requests that should be quashed "completely" and then some of those same numbers are listed as requests that should be quashed only "in part."   Again, the Court encourages the parties to identify their requests and discovery disputes with more clarity.

10

The Court makes the following rulings to the extent that they do not conflict with the Court's ruling above, i.e., that Defendants have accepted the objections made by Galaxy to Request for Production No. 9.  If the parties have any further dispute concerning whether the subpoena overlaps with that document request, they are to confer informally and make every effort to work out any conflicts before bringing related issues to the Court.

The Court permits the subpoena requests that ask for Galaxy's financial information submitted to First State Bank in relation to the property and construction at issue.  Thus, Nos. 13 and 14 will not be quashed, but will be limited to a time frame of 2002 to the present.  Responsive information should be provided to Defendants within ten days after entry of this Order (to the extent that the information can still be produced after the Court's above-stated ruling).  Subpoena request numbers 1, 2, 3 5, 6, 7 and 8 are permitted, but only with respect to information supplied by Galaxy to the bank or that was exchanged between Galaxy and the bank.  Number 4 is permitted because there was no attempt to quash that request by Galaxy.  The same time frame applies, 2002 to the present.

Numbers 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, 22, 23 are all quashed with respect to information requested about any and all non-parties to this litigation.  While some of the requested information about non-parties may be relevant or may appear reasonably calculated to lead to the discovery of admissible evidence, discoverable information is not without limits.  Rule 26 expressly contemplates the limitation of discovery if the burden or expense of the proposed discovery outweighs its likely benefits, "taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."  Fed.R.Civ.P. 26(b)(2)(iii); Burka v. U.S. Dept. of Health and Human Services, 87 F.3d 508, 517 (D.C. Cir. 1996).  After consideration of the needs of

11

the parties, the court may, in its exercise of discretion, deny discovery completely, limit the conditions, time, place or topics of discovery, or limit the manner in which information is to be revealed. Burka, 87 F.3d at 518.

Here, after consideration of the stated needs and burdens, the Court concludes that the requested information about non-party financial information need not be produced, and therefore, quashes the subpoena to the extent noted. Therefore, the Court grants in part and denies in part Galaxy's Motion to Quash as it relates to First State Bank.

## III. GALAXY'S MOTION TO QUASH (IN PART) SUBPOENAS TO CHARTER COMMERCIAL MORTGAGE AND CHARTER BANK AND GE CAPITAL BUSINESS ASSET FUNDING COMPANY [Doc. No. 133]

The subjects of this motion are subpoenas served by Rosenblum on Charter Commercial Mortgage and Charter Bank ("Charter"), and on GE Capital Business Asset Funding Company ("GE"). [Doc. No. 133, Exhibits 1 and 2.] The Motion is fully briefed. [Doc. Nos. 139, 144.] The subpoenas, according to Galaxy, are similar to the subpoena requests discussed above in relation to First State Bank. Galaxy asserts the same arguments, i.e., that Rosenblum did not fully comply with Rule 45(a)(1)(D), that the document requests seek information that is confidential and irrelevant, and that Defendants did not timely challenge the objections to similar Rule 34 document requests. Because the arguments are similar to those presented by the above-described motion to quash, Galaxy incorporates its previous arguments. Rosenblum also cites to his brief in opposition to the Motion to Quash subpoena served on First State Bank.

The subpoena issued to Charter (located in Albuquerque) requests all documents regarding financing, etc. requested or obtained by DePonte, DPI, Lenzers, Galaxy and LE with respect to the property at issue, all documents regarding construction on the property, all documents regarding any

12

building on the property, all economic analyses regarding the property, all *pro formas* regarding the property, all financial statements submitted to request financing or a loan for the property, all documents from GE for construction on the property, and all documents exchanged between Charter, Peter Gineris or any current or former employee of these entities and DePonte, DPI, Galaxy, LE, Lenzers, any title company, Jerry Dillingham, any bank or financial institution, or any attorney regarding the sale of the property, title to or ownership of the property, construction of a building on the property, financing of the property, lease of any building on the property, a tax deferred exchange involving the property or any purchase or sale agreement regarding the property.  (*See* Ex. 1 for a complete description of the requests).

The subpoena issued to GE (a Dallas, Texas business) contains virtually the same requests served on Charter.  [Exhibits 1 and 2.]

These requests are not limited by time frame, nor are they limited to documents submitted by Galaxy or exchanged between Galaxy and these financial institutions.  In other words, the requests again ask for information provided by a number of non-parties with respect to the property.  In addition, neither the motion to quash nor the related pleadings explain clearly who Mr. Gineris or Mr. Dillingham are or why their information is relevant.  Neither party describes the exact role of any of the financial institutions mentioned.

The Court reaches the same rulings as stated above for the same reasons.  To the extent that Defendants have not consented to Galaxy's objections to the requested information (the Court leaves that for the parties to sort out), Defendants may request through the subpoenas to Charter and GE, only those communications and information that Galaxy submitted to or exchanged with those

13

institutions, as it related to the property in question, for the period of 2002 to the present.  All other portions of the subpoenas are quashed.

## Defendants' Motion to Compel

## IV.   DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES [DOC. 130]

On January 12, 2005. Defendants filed the Motion to Compel.  The seek additional discovery responses from Galaxy with respect to Defendants' documents requests and Rosenblum's document requests.  The motion is fully briefed.  [Doc. Nos. 142, 147.]

### A.   Defendants' Document Requests

Consistent with its above-stated ruling, the Court finds Defendants' motion to compel responses to Defendants' document requests, to which there were objections, to be untimely.  This is true because, according to Galaxy and the attached correspondence to these motions, Defendants' challenge to Galaxy's objections to the discovery requests served by Defendants was due no later than 20 calendar days of service of the objections or 20 calendar days of October 25, 2004.  D.N.M. LR-Civ 26.6, 37.1.   Defendants' December 2004 letter to Galaxy discussing the objections and its January 12, 2005 motion are untimely with respect to challenges to objections.  Defendants' failure to proceed within the pertinent time period constitutes acceptance of any objections  made by Galaxy to the document requests in dispute.  Therefore, Defendants' motion to compel responses to RFP No. 9 is denied.

Defendants, however, seek additional responses to discovery demands to which they contend there were no objections (RFP Nos. 1, 4 and 7).  In RFP No. 1, Defendants asked for all documents reflecting Galaxy's income and expenses with regard [to] the property at dispute (the "Property").  Galaxy stated that the responsive documents were in the process of being assembled and copied but

14

objected to revealing the substance of work performed by the law firm on behalf of Galaxy and noted that the billing statements would be partially redacted based on attorney-client privilege and the work product doctrine.

Galaxy asserts that this request is really a request for information of releases or removals of the liens, which Galaxy contends was the subject of a discovery dispute concerning RFP No. 6. Galaxy did not object to producing documents in response 6, but in a December 2004 letter, Defendants argued that the responses were missing documents that reflected the liens were paid or removed. Galaxy took the position that RFP No. 6 did not include a request for "releases or removals of the liens." The parties appear to be engaging in a game of semantics. The Court again encourages counsel for the parties to clarify their requests in a timely manner and to make additional effort in resolving these types of disputes short of filing a motion.

It appears that Galaxy did raise an objection in response to RFP No. 1, but it is unclear whether Defendants challenge that objection. In any event, Galaxy must produce a privilege log for any and all responsive documents it is withholding based on attorney-client privilege or the work product doctrine. The log should be served on Defendants no later than ten days after entry of this Order. Galaxy must provide enough helpful information to enable a judge to make a determination about whether the item being withheld or redacted is entitled to such treatment. In other words, Galaxy's log should include the place, approximate date and manner of preparing the document, the name of the person at whose request the document was prepared, the name of each person(s) participating in the preparation of the writing, names and position of each person to whom the contents of the writings were communicated, names of the person(s) presently in custody of the

15

original or copy of the writing and a precise statement of the grounds for the protection of each document.  Sanchez v. KPMG Peat Marwick, No. CIV 93-406 JP/LFG (D.N.M. Aug. 5, 1994).

With respect to the information that is encompassed by the request for information reflecting income or expenses Galaxy incurred (regarding the property), the Court interprets the request for expenses to be sufficiently broad to include the cost to have liens removed.  Therefore, the request to supplement the response to RFP No. 1 is granted, and Galaxy should served the responsive information on Defendants within ten days after entry of this Order, to the extent that it is not privileged or protected.

RFP No. 4[8] asked Galaxy to produce all documents relating to any lease, sale, exchange or other transfer of the Property and all such documents relating to any attempt to do so.  Galaxy did not object and answered that it was assembling the responsive documents.  Defendants argue that Galaxy produced a document in response to RFP No. 4 that references DePonte's financial statement but that Galaxy did not produce that statement.  For the reasons stated above, the Court does not require production of financial documentation of non-parties to this litigation.  Thus, Defendants' request to supplement RFP No. 4 is denied.

RFP No. 7 requested "any and all correspondence and agreements or proposed agreements between Galaxy and SAS Southwest, LLC, concerning the Property."  Galaxy did not object and answered that it was assembling the responsive documents.  Defendants argue that it became evident that Galaxy "self-servingly" limited their response to RFP No. 7 by excluding documents reflecting

---

[8]Although Defendants' motion to compel states clearly enough that they are seeking additional information to RFP No. 4 (Doc. No. 131, p. 1.), the Court had to scour the brief to find the actual argument regarding RFP No. 4 in a footnote contained on page 5 of the brief.

16

Swiderek's payment of earnest money for the Property as well as the return of that earnest money to Swiderek.[9]

Galaxy argues in its response that Defendants did not specify the documents they desired and that the term "correspondence does not appear to include items outside of the normal range of communications such as letters, memoranda or e-mails." Galaxy asserts that a request for documentation of the payment of earnest money is not included in a request for correspondence, agreements or proposed agreements. The Court disagrees and presumes that the payment of earnest money is encompassed in some sort of agreement or proposed agreement. Therefore, the motion to compel further responses to RFP No. 7 is granted, and that information should be provided to Defendants within ten days after entry of this Order.

## B.    Rosenblum's Document Requests

Defendants seek additional information from Galaxy as to a number of its responses to Rosenblum's document requests. Rosenblum's RFP No. 3 asked for all documents, including without limitation, letters, emails, notes and memoranda exchanged between Galaxy and Lenzer concerning the Property or Building. Galaxy referred Rosenblum to its response to Defendants' RFP No. 13 and objected[10] to producing attorney-client privileged correspondence between Galaxy's attorneys and the Lenzers.

Galaxy's response to <u>Defendants'</u> RFP No. 13 stated that Galaxy was diligently searching for any responsive documents. First, it is unclear and nonsensical why Galaxy could not have set out this

---

[9]Again, no explanation is given as to who Swiderek is or why SAS Southwest, LLC is important to this litigation.

[10]With respect to Galaxy's objections to Rosenblum's document requests, it appears that Rosenblum requested and obtained an extension of time in which to challenge the objections.

17

short statement in response to Rosenblum's RFP No. 3 rather than requiring the parties and Court to seek out these responses among different attached pleadings.  In informal attempts to resolve this dispute, Defendants stated that Galaxy referred to privileged documents but produced no log.  Again, any documents being withheld based on a privilege or protection must be described in a privilege log (as discussed *supra*).  The log must be provided to the other party within ten days after entry of this Order.

Defendants also state that Galaxy's response indicates there might not be such correspondence and asks if there were or were not responsive communications.  Galaxy responded that there was no such correspondence between it and the Lenzers and that it merely made the objection to preserve it in the event any correspondence was located.  Galaxy now notes that at the time it answered this request there were no responsive documents, but since then there were five letters or communications sent from Chappell Law Firm to the Lenzers on five different dates in 2005.  "This is the extent of a privilege log."  This is insufficient.  The appropriately detailed privilege log should be provided to Defendants within ten days after entry of this Order.

Rosenblum's RFP No. 4 has been resolved according to Defendants' reply brief, and the Court does not address it.

Rosenblum's RFP No. 9 requested "all financial books and records of Galaxy, including the general ledger, income statements, financial statements, balance sheets, and any other financial reports generated by or for management of Galaxy."  Galaxy objected to producing the financial books and records due to lack of relevance and "due to the additional burden which would be imposed by searching for all financial books and records."  Galaxy also objected by stating it should not be forced to disclose its proprietary financial records to a competitor without legitimate purposes.  Galaxy

18

stated it would produce its income statements and/or profit & loss statements and any such additional statements it locates.

Defendants argue that Galaxy's claims place its financial status directly at issue and that Galaxy's finances are relevant because its damage claims require expert analysis of its finances. To perform such an analysis, Defendants contend that Galaxy's profit and loss statements must be examined. Finally, Defendants assert that the "proprietary information" objection should be overruled because of the Confidentiality Order that is in place.

Galaxy observes that it produced all of its income and loss records, including tax returns. It argues that the balance sheets are not relevant to its damage claims for the same reasons argued previously in response to Defendants' RFP No. 9. Galaxy's argument is unhelpful and unconvincing. The Court will grant Defendants' motion to compel to the extent that Galaxy is required to produce all of the responsive documents pertaining to the property from 2002 to the present.[11]

## C.    "Additional Documents Withheld from Discovery"

For some reason, Defendants' brief concludes with a 6½ page argument regarding "other documents" that should have been produced in response to a number of Defendants' requests for production and some of Rosenblum's requests for production. Some of the issues presented are duplicative of arguments raised regarding subpoenaed items and other document requests discussed above. For example, Defendants argue that the response to Defendants' RFP No. 1 is insufficient, yet Defendants already presented argument earlier in the motion to compel as to RFP No. 1. In many

---

[11]The Court granted Galaxy's motion to quash as to information that was requested from First State Bank that amounted to the same information sought by Defendants' RFP No. 9. The Court concluded that Defendants' Motion to Compel was untimely and therefore, that Defendants acquiesced to Galaxy's objections to the information requested by RFP No. 9. Such is not the case with Rosenblum's request which is for similar, but not identical, records. Galaxy gave Rosenblum an extension of time to file the motion to compel. Therefore, Galaxy is required to produce the information responsive to this request.

instances, Defendants ask for specific documents that it believes should have been produced or asks that Galaxy state that no such document exists if that is the case.

The Court directs the parties to discuss and diligently attempt to resolve all of the issues raised by Defendants in this last section of the brief, particularly in view of the rulings already made and of documents already produced or documents that Galaxy has promised to produce that should be made available.  To the extent that some of the requested information is not encompassed by document requests already served, the Court advises Defendants to serve additional discovery requests, if they have not exceeded the number of discovery requests they can serve and if they can do so in a timely manner, that is, within 15 days.  Defendants should carefully review discovery requests already made and not duplicate them.

The Court advises Galaxy that it is insufficient to argue it already has produced 900 pages of documents regarding its income and expenses and is, therefore, unable to represent that no responsive documents exist.  If there were responsive documents in Galaxy's "possession, custody, or control," they were to be produced, assuming no legitimate objection was made.  If there were no responsive documents, Galaxy should say so.  If there are documents being withheld by Galaxy on grounds of a privilege or protection, a log must be supplied to Defendants.  In addition, Galaxy's statement that it has produced "its documents" in response to a certain request and that "Defendants have other means to obtain an explanation" is an insufficient attempt to resolve a discovery dispute.

If unable to resolve these discovery disputes, Defendants are allowed to bring another motion to compel within the appropriate deadlines in this case.  The motion and related pleadings should be clear and concise.  Parties are asked not to refer to other pleadings and responses, so as to clarify the unnecessarily complicated pleading practice they have engaged in thus far.  In any motion to compel

20

that is filed, the party must set forth what specific attempts were made to resolve these disputes informally and whether the motion to compel is timely and if so, what steps were taken that complied with the local rules in instances where Galaxy objected.

To the extent that Galaxy is contending that Defendants have not responded to its discovery requests, Galaxy should comply with the appropriate rules of civil procedure rather than argue that Defendants have "refused to produce a single page of documents."   No sanctions will be assessed.

### Conclusion

For the above-stated reasons, Rosenblum's motion to strike is denied, Galaxy's two motions to quash are granted in part and denied in part.  Defendants' motion to compel also is granted in part and denied in part.  To the extent that the Court ordered production of documents, those items should be produced within ten days after entry of this Order.[12]  Any privilege logs that the Court ordered also should be provided to opposing counsel within ten days after entry of this Order.  Any additional motion to compel should be filed within fifteen days.  The parties are directed to diligently attempt to resolve all discovery disputes that remain with respect to these motions.

IT IS THEREFORE ORDERED that:

(1)   Defendant Carl Rosenblum's Motion to Strike Plaintiff's Reply [Doc. No. 145] is DENIED;

(2)   Galaxy's Motion to Quash Subpoena (in part) to First State Bank [Doc. No. 128] is granted and denied in part, as described herein;

---

[12]With respect to confidential documents that are produced, the parties are reminded to comply to the provisions of the Confidentiality Order [Doc. No. 100] especially with respect to the permissible used of the documents.

21

(3)     Galaxy's Motion to Quash (in part) Subpoenas to Charter Commercial Mortgage and

Charter Bank and GE Capital Business Asset Funding Company [Doc. No. 133] is

granted and denied in part, as described herein; and

(4)     Defendants' Motion to Compel Discovery Responses [Doc. No. 130] is granted in

part and denied in part as described herein.


_Lorenzo F. Garcia_

Lorenzo F. Garcia
Chief United States Magistrate Judge