# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,

                Plaintiff,

v.                                                         No. CIV  03-1236 JH/LFG

CARL D. ROSENBLUM,
CHARLES "TIM" ALLEN, and
ORVILLE "GREGG" ALLEN,

                Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff Galaxy Ventures, LLC's ("Galaxy's") Motion to Extend Discovery Deadline and Compel Responses to Discovery ("Motion"), filed March 18, 2005. [Doc. 158.] The Court considered the Motion, Response and Reply and determines that oral argument is not necessary.

      **A.**      **Discovery Issue**

On October 13, 2004, the earlier referral magistrate, Judge Alan Torgerson ruled on certain discovery disputes. In reference to Interrogatory No. 11, Judge Torgerson stated "The Court received the log requested from counsel. All documents already in DePonte Investment's possession do not need to be produced again. . . . Documents already produced in the Texas litigation need to be produced again in this litigation if they are not already in Galaxy's possession." [Ex. 1 to Galaxy's Motion.]

1

Galaxy now contends that certain of the Texas documents were never produced. However, when conferring about this present motion and upon receipt of the present motion, Defendants apparently produced the requested documents. [*See* Galaxy's Motion, p. 2, § 1.] Thus, the Court now denies that portion of the Motion as moot.

Secondly, Galaxy contends that there is a dispute concerning whether Defendants copied all of the documents produced in Texas, specifically "Box 21." However, that portion of the dispute appears resolved as well, as Galaxy states on page four of its motion, "counsel for Allens has verbally agreed to produce Allens' 'Box 21' just prior to the depositions, but this is not complete and allows insufficient time for preparation."

There is no dispute that the documents be produced. Apparently, Galaxy now only contends that the time is critical. Accordingly, the Court will order Defendants to produce "Box 21" within ten days after entry of this Order.

**B.    Discovery Deadline**

The second portion of Galaxy's motion concerns a request for extension of the discovery deadline, precipitated by Galaxy's decision to vacate scheduled depositions of the Allens and Rosenblum which were set within the extended discovery deadline on March 16-18, 2005 in Dallas, Texas. Galaxy contends that it "cannot take these depositions until two issues are resolved: (A) the trial judge has not ruled upon Defendants' objections and request for partial reversal of magistrate judge's discovery order, filed November 16, 2004; and (B) Defendants have not produced all of the documents required under Judge Torgerson's October 13, 2004 discovery order." [Galaxy's Motion, p. 1.]

Galaxy's request could be viewed either as a request for extension of discovery or as a request for a stay of discovery (pending resolution of its objections to the Magistrate Judge's Order). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." A number of courts have reasoned that staying discovery in an action where there is a pending *dispositive* motion advances the interests of judicial economy and potentially avoids complexities, inconveniences and expenses of litigation. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004). *See also* Chavous v. District of Columbia financial Responsibility and Management Assistance Authority, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"). *But see* Keystone Coke Co. v. Pasquale, No. CIV. A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan. 7, 1999) (stay of discovery is rarely appropriate in cases where a pending motion to dismiss will not dispose of entire case).

This is not a case where Galaxy argues that a pending *dispositive* motion serves to warrant a stay or justify an extension of discovery. Depending on the circumstances, it is doubtful that such an argument would succeed in this District. *See* Initial Pre-Trial Report (pendency of dispositive motions does not serve to stay discovery). [Doc. No. 35, pp. 5-6.] Moreover, the Court finds no binding or persuasive authority to support the proposition that the pendency of a ruling on objections to a magistrate's discovery order justifies a stay of discovery, or that the pendency of a non-dispositive, discovery motion/appeal would warrant an extension of discovery.

Notwithstanding Galaxy's failure to provide any legal authority to support its request, it unilaterally vacated depositions scheduled within the discovery period. As noted in Defendants'

3

response, the Court had already extended discovery for an additional 120 days until March 30, 2005 [Doc. No. 118], yet Galaxy did not schedule these depositions until March, the last month of discovery.  All parties had agreed to the deposition dates, and the depositions were scheduled on March 16-18, 2005.  In order to accommodate the schedule, Defendants even made concessions.  For example, Defendant Rosenblum resides in New Orleans, Louisiana and was entitled to have his deposition taken there.  Nonetheless, he agreed to travel to Dallas where the other Defendants reside to save the parties and counsel travel time and expenses.

Two weeks before the deposition, Galaxy sought supplemental discovery.  [Ex. 4 to Galaxy's Motion.]  Defendants in accord with the request for supplementation complied before the scheduled deposition.  [*See* Exhibits 3 and 3A to Galaxy's Motion, as well as Ex. B to Defendants' Response.]

On Friday before the week of the scheduled depositions, Galaxy's counsel requested an extension of the discovery cutoff deadline and for the first time, raised the possibility of vacating the depositions.  [*See* Ex. C to Defendants' Response, M. Hoeferkamp letter.]  Defendants declined to extend the discovery deadline and indicated their willingness to proceed with the scheduled depositions.  They further promised that they would supplement discovery before the scheduled depositions and that the supplemental discovery was not voluminous, but rather, consisted of less than seventy pages.  [*See* Ex. 6 to Galaxy's Motion.]

Even with the knowledge that Defendants were declining to extend the discovery deadline and that the time for taking discovery would lapse, Galaxy unilaterally vacated the depositions without having been granted an extension or a stay of discovery from the Court.  The decision not to proceed with the scheduled depositions was a risky tactical decision that did not pay off.

4

The Court concludes that neither of the grounds for an extension articulated by Galaxy is sufficiently persuasive to extend discovery deadlines. A careful look at the interrogatory at issue in Galaxy's objections confirms that there is no basis for the request for an extension. Galaxy's objection dealt with a single Interrogatory (No. 8). Rather than unilaterally terminate all discovery, it would have made far more sense to proceed with the depositions. If the Magistrate Judge's Order on discovery relating to Interrogatory No. 8 was subsequently overturned on appeal, Galaxy could have requested an additional round of discovery limited to the information on newly-produced answers to Interrogatory No. 8.

Because the Court determines that good cause has not been shown to extend the time for discovery [*see* Doc. No. 35], the Court denies the request to extend the discovery deadline. The Court does require Defendants, however, to produce the documents identified in "Box 21" within ten days after entry of this Order.

IT IS THEREFORE ORDERED that Galaxy's Motion to Extend Discovery Deadline and Compel Responses to Discovery [Doc. No. 158] is GRANTED in part and DENIED in part as described herein.

*[signature]*
Lorenzo F. Garcia
Chief United States Magistrate Judge