# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,

                Plaintiff,

v.                                                 No. CIV  03-1236 JH/LFG

CARL D. ROSENBLUM,
CHARLES "TIM" ALLEN, and
ORVILLE "GREGG" ALLEN,

                Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO COMPEL

### Introduction

THIS MATTER is before the Court on Plaintiff Galaxy Ventures' ("Galaxy") Motion to Compel Discovery Responses, filed April 9, 2005 [Doc. No. 178]. The motion is fully briefed and ready for resolution. [Doc. Nos. 191, 202.]

### Background

On September 5, 2003, Galaxy filed a Complaint for Interference with Contractual Relations, Injunctive Relief, Prima Facie Tort, Slander of Title, Malicious Abuse of Process and Quiet Title against Defendants in the Second Judicial District Court for the District of New Mexico. [Doc. No. 1, Complaint.] After a ruling by the District Judge assigned to this case, only four of Plaintiff's seven claims remain. [Doc. No. 95.]

The litigation concerns the sale of certain commercial real estate located in Albuquerque, New Mexico. Plaintiff asserts that the filing of an Affidavit by Defendant Rosenblum on behalf of the

1

Allens interfered with its pending sale of the property at issue. According to Defendants, Galaxy seeks to recover millions of dollars, relating to this sales transaction.

On October 27, 2003, Defendants removed the case to federal court based on diversity jurisdiction. [Doc. No. 1.] For additional descriptions of the background of this litigation, see the Initial Pre-Trial Report, Doc. No. 35, and Court's Orders, Nos. 95, 99, 154 and 184.[1]

The court docket in this case is replete with motion filing. In only 1½ years, the parties have filed approximately 200 pleadings. A review of the current motions report indicates that the parties have thirteen motions pending before the two judges assigned to this case, including multiple substantive and discovery motions, motions to supplement other motions, a motion to extend deadlines, two sets of objections and/or requests for reversal of different magistrate judge's rulings, a motion for reconsideration of a Magistrate's ruling, and a request by each party for the Court to expedite ruling on various matters. The parties' motion filing practice is somewhat counterproductive to their requests for expedited decisions.[2] In any event, Galaxy's present motion is a good example of a motion that need not have been filed or briefed.

## **Galaxy's Motion to Compel**

In the present motion, Galaxy indicates that Defendants "have declined to consent to the relief requested in this motion, both in the past and in response to Plaintiff's good faith letter addressing the issues today." [Doc. No. 178.] Galaxy's "good faith" attempt to resolve this discovery dispute

---

[1] Two separate Magistrate's Orders are already the subject of objections by the parties.

[2] The Court does not know who, if anyone, is more responsible for the lack of cooperation between the parties in this case, or if the parties are equally responsible. Again, the Court urges counsel for the parties to attempt to resolve motions prior to resorting to pleading practice. Cooperation among the parties about discovery, discovery disputes, extensions, amendments and supplementation could greatly increase the Court's efficacy in this matter, as well as control litigation costs for the parties.

appears to rely on discussions held in the past about other similar discovery issues and/or motions. This type of attempt to resolve a current discovery dispute before filing a motion is insufficient. Moreover, a single letter sent the day that the motion is filed is similarly deficient and does not provide an adequate opportunity to resolve matters that clearly could have been resolved. *See* Hoelzel v. First Select Corp., 214 F.R.D. 634, 635-36 (D. Colo. 2003) (finding attempt to confer was insufficient when it consisted of a single email stating that the plaintiff intended to file a motion to compel based on the defendant's refusal to respond to discovery requests; to confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together").

Here, Galaxy seeks three categories of discovery from Defendants: (1) net worth asset information; (2) documents from administrative actions; and (3) "Texas Litigation Documents." By the time Galaxy filed its reply, it conceded that any issues concerning the Texas litigation documents had been resolved.[3] With respect to the second category of information, it appears that this matter too has been resolved or that the issue is already before the District Court Judge by way of a motion for reconsideration.

The first category of requested information precipitated the most briefing by the parties. However, it appears that in Galaxy's reply, it backed off its request to some degree. Galaxy states: "Judge Torgersen's (sic) previous ruling [Docket No. 99, pp. 6-7] was that the requests were premature. He did not deny discovery completely. Therefore Galaxy would maintain these requests

---

[3]Galaxy correctly asserts that the items at issue were produced subsequent to Galaxy's filing of this motion Even so, the Court is not convinced of the need for this present motion to compel the information. That is true because the same issue about these Texas litigation documents was already pending before the Court by way of an earlier Motion to Compel filed by Galaxy, and the Court ordered their production in response to that motion. [Doc. No. 158.]

until trial when the evidence is presented regarding Defendants' intentions in filing the [Rosenblum] Affidavit." [Doc. No. 202, p. 2.]

It is difficult to discern what Galaxy now requests this Court to do. It appears that Galaxy has asked for net worth information on several occasions and that at least one Magistrate Judge has deferred ruling on the matter and/or found the request premature. [Doc. No. 95.] The Court is unable to determine whether Interrogatory No. 14 and Request for Production No. 9 duplicate earlier discovery requests. This is partly true because Plaintiff failed to attach to its motion the discovery requests in dispute.[4] Defendants' response, however, does attach the current discovery requests in dispute but does not attach the earlier discovery requests that may have been duplicated. Although those discovery requests appear to have been the subject of Plaintiff's earlier motion to compel [Doc. Nos. 47, 48], the Court should not be made to rummage through a record the size of this one in order to support the parties' various arguments.

Notwithstanding the lack of clarity presented by the parties over this discovery dispute, it appears that the earlier assigned Magistrate has already reviewed and ruled on the same issue presented by Galaxy in this motion to compel. Thus, this Court finds no basis to disturb that Judge's ruling. For the reasons stated above, the Court denies Galaxy's Motion to Compel in its entirety.

IT IS THEREFORE ORDERED that Galaxy Ventures' Motion to Compel Discovery Responses [Doc. No. 178] is DENIED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge

---

[4] District of New Mexico Local Rule 37.1(a) requires that the movant attach to its motion a copy of the interrogatory and/or document request in dispute.