IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC, a New Mexico
limited liability company,

        Plaintiff,

  vs.                                                                                       No. CIV 03-1236 JH/LFG

CARL D. ROSENBLUM, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO STRIKE
SUPPLEMENTAL EXPERT REPORT OF BRIAN McDONALD**

THIS MATTER comes before the Court on Defendants' Motion to Strike the Supplemental Expert Report of Brian McDonald [Doc. 228], filed herein on June 28, 2005. Plaintiff filed its Response [Doc. 240] on July 19, 2005, and its certificate of service indicates that the Response was served and filed past the deadline set by Local Rules. D.N.M.LR-Civ. 7.6. Local Rule D.N.M.LR-Civ. 7.1(b) provides that the failure of a party to file and serve a response in opposition to a motion within the time for doing so constitutes consent to grant the motion.

Although the Court is not obligated to consider Plaintiff's late Response, it will exercise its discretion to do so; however, the parties are reminded that they are under an obligation to abide by Court deadlines. No Reply from Defendants is necessary. For the reasons given below, Defendant's Motion to Strike is granted.

**Factual and Procedural Background**

Plaintiff Galaxy Ventures, LLC ("Galaxy") originally brought its action in New Mexico District Court against Defendants Carl D. Rosenblum ("Rosenblum"), Charles "Tim" Allen and Orville "Gregg" Allen ("the Allens") on claims arising from a real property transaction. The case was removed to this Court on October 27, 2003.

Galaxy alleges that on December 16, 2002, it acquired real property in Albuquerque, New Mexico from DePonte Investments ("DPI"), property which DPI had acquired three days earlier from the Allens. Defendant Rosenblum acted as attorney and agent for the Allens in the course of the dealings giving rise to this lawsuit. Galaxy further alleges that in May 2003, it entered into an agreement for sale of the subject property with a closing date of July 1, 2003, but that on June 26, 2003, Defendants wrongfully filed an Affidavit of Pending Litigation and Disputed Title with the public records of Bernalillo County, New Mexico, referencing a lawsuit pending in Texas state court as well as administrative matters pending before the City of Albuquerque. Galaxy is not a party to either of those proceedings.

Galaxy claims that the alleged actions by Defendants clouded its title, interfered with its contractual relations and impeded its ability to secure permanent financing for the property. Galaxy claims it has been irreparably harmed and originally sought injunctive relief to prevent Defendants from interfering with the sale or lease of its property, as well as an order of this Court voiding the effect of the aforementioned Affidavit and a decree quieting title to the property. In earlier orders, the Court denied the request for injunctive relief and dismissed some of Galaxy's claims [*See*, Docs. 95 and 96]. Three causes of action remain: a claim for interference with contractual relations, prima facie tort, and quiet title. Galaxy seeks compensatory and punitive damages from Defendants for their

alleged wrongful acts. Defendants deny the allegations of the complaint and interpose a number of affirmative defenses.

The original deadline for Galaxy to identify its Fed. R. Civ. P. 26(a)(2) experts and submit expert reports was September 27, 2004. [*See*, Initial Pretrial Report, Doc. 35, dated April 13, 2004]. Galaxy requested and was granted two extensions of time [*see*, Docs. 54 and 68], with a final compliance deadline of July 21, 2004. On that date, Galaxy disclosed its expert, Brian McDonald ("McDonald") and produced his expert report. Defendants took McDonald's deposition on January 11, 2005 and produced their rebuttal expert reports on January 31, 2005 [*see*, Docs. 140, 141; Doc. 229 at 2].

On April 19, 2005, Defendants filed a Motion to Exclude the Expert Report and Testimony of Brian McDonald [Doc. 179], bringing a <u>Daubert</u>[1] challenge to McDonald's expert qualifications and opinions. That motion is now pending before the Trial Judge. On May 24, 2005, Galaxy filed its response to Defendant's <u>Daubert</u> motion and attached a supplemental report by McDonald, dated May 23, 2005, in which Plaintiff's expert adds new authority and support for his opinions, recalculates damages, and includes new information regarding his qualifications and experience which were excluded from his initial expert report. [*See*, Doc. 199, Exhibit 1]. There is no claim that an error was discovered in McDonald's report that needed to be corrected nor a contention that the report was incomplete or incorrect. Rather, in the first paragraph of the supplemental report, McDonald writes:

---

[1] Pursuant to <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786 (1993).

3

> I am supplementing my July 21, 2004 report regarding the calculation of economic damages in the *Galaxy Ventures v. Rosenblum, et al.* matter. This supplemental reports incorporates my rebuttal to the criticism raised in the reports of defendants' experts, John Henderson and Thomas Burrage, as well as the Defendants' Motion to Exclude my testimony. It also incorporates additional information which has been made available to me.

Defendants now seek to strike this supplemental expert report, arguing that all of the information required by Fed. R. Civ. P. 26(a)(2) must be included in the expert's original report, and that the rule does not contemplate "supplemental" expert reports. The Court agrees with Defendants and will grant the Motion to Strike.

## Discussion

As noted above, the date for Galaxy to disclose experts and file expert reports was extended twice; the final deadline was July 21, 2004 [Doc. 68]. The discovery period was also extended to March 30, 2005 [*see* Doc. 118].[2] thus, Galaxy's attempt to present a supplemental expert comes approximately ten months after the deadline for submitting expert reports, and almost two months after the close of all discovery. The case is set for a pretrial conference on September 28, 2005; trial is set on a trailing docket beginning October 17, 2005. [*See*, Doc. 214].

Fed. R. Civ. P. 26(a)(2) provides that expert disclosures "shall be made at the times and in the sequence directed by the court" and that these disclosures shall include the identities of any person who may present expert testimony at trial, along with a report prepared and signed by each such expert. Each report must include:

---

[2] Galaxy sought an additional extension of the discovery deadline. This request was denied by the undersigned Magistrate Judge [Doc. 184], and Galaxy filed objections to the Magistrate's order [Motion for Reconsideration, Doc. 192]. There has as yet been no ruling by the presiding judge on Galaxy's objections; thus, the March 30, 2005 deadline remains.

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Parties are allowed, indeed they are required, to supplement or correct their Rule 26(a) disclosures in limited circumstances, to include information "thereafter acquired":

> A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(1).

The intent of this rule is to ensure that the report provided was accurate and complete. If an error was discovered, it was to be corrected. The rule's purpose is made clear in the Advisory Committee commentary to Rule 26(e)(1), where the Committee notes, "[a]nother exception is made for the situation in which a party, or more frequently his lawyer, obtains actual knowledge that a prior response is incorrect."

An examination of the supplemental McDonald report indicates that the new information included therein was available to McDonald and Galaxy at the time the first expert report was filed, and Galaxy does not give any reason why this information could not have been included in

5

McDonald's first report.

For example, at pp. 1-2 of his supplement, McDonald refers to certain publications which presumably were available at the time he submitted his original report; in any event, he does not claim they were not available at that time. He also states, at p. 2, that "I have been provided additional information about the closing costs for the potential sale of 4330 Cutler Avenue as of June 2003." Clearly, the closing costs were historical information available to McDonald prior to the time he generated his report. In its Response [Doc. 240, at 2], Plaintiff reiterates that McDonald "did not previously have" this information. While it may be correct that the information wasn't provided to McDonald or obtained by him, it would be a stretch to believe that the information was not available. Plaintiff does not explain who provided this information nor does Plaintiff state why the information could not have been obtained and included in the original report.

There are one or two pieces of data referred to in the supplemental report which might not have been available to McDonald at the time he filed his original report in July 2004. For example, at p. 1 he mentions Annual Statement Studies, 2004-2005, and at p. 4, he discusses interest rate data from July 2004 and April 2005. However, as was true in DKD Elec. Co. v. Federated Serv. Ins. Co., Civ. No. 97-1026 (D.N.M. Sept. 21, 1993), slip op. at 6:

> There is no contention that [the expert's] original report contained an error that needed to be corrected. Nor is there a claim that, subsequent to the preparation of his April 6, 1998 report, new information was discovered which required that the original report be supplemented because the original opinion was no longer correct. To the contrary, DKD states that no new opinion is being offered, rather, the old opinion is being buttressed . . . . To allow [this sort of "buttressing"] would thwart opposing counsel's ability to evaluate the strength and weaknesses of the case. There would be no finality to expert reports, as each side, in order to buttress the case, would seek

6

> to "supplement" existing reports and modify opinions previously given.

In addition, McDonald clearly states in the first paragraph of his supplemental report that one of its purposes is to rebut the opinions of Defendants' experts. [*See*, Doc. 199, Exhibit 1]. And in his supplement he does, in fact, address and respond to Defendants' experts' opinions. For example, at p.3-5 of the supplemental report, McDonald refers to certain statements and critiques made by Defendants' experts, Henderson and Burrage, and he responds specifically to these criticisms. In its Response, Plaintiff argues that McDonald is "simply responding" to criticisms and arguments made by Defendants' experts.

As Defendants point out, this sort of rebuttal testimony is subject to the 30-day deadline established in Rule 26(a)(2)(C), which provides:

> if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under paragraph (2)(B) [dealing with witnesses "retained or specially employed to provide expert testimony in the case"], [the rebuttal evidence must be produced] within 30 days after the disclosure made by the other party.

McDonald's supplemental report, having been filed over four months after Defendants' experts filed their reports, is thus untimely on this ground as well.[3]

With respect to the additional expert qualifications added in the supplemental report, Plaintiff argues that Defendants' criticism of McDonald's real estate experience "could not be reasonably anticipated." This is incorrect. McDonald has been offered as an expert witness to calculate economic damages resulting from alleged interference with a real estate deal, and all information as

---

[3]The record does not indicate when Defendants' experts were deposed. However, Galaxy does not contend that McDonald's supplemental report comes within 30 days of any unanticipated disclosure by Defendants' experts in their depositions.

7

to his qualifications to render opinions in this field could and should have been included in the original report.

When expert reports are not timely filed, the Court has broad discretion to decide if the Rule 26(a) violation is justified or harmless. Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002) (held: district court abused its discretion in refusing to strike expert reports which did not comply with Rule 26(a)); *see also*, Fed. R. Civ. P. 37(c)(1). Factors the Court should consider include: (a) any prejudice or surprise to the party against whom the testimony is offered; (b) the ability of the party to cure any prejudice; (c) the extent to which introducing the testimony would disrupt the trial; and (d) the violator's bad faith or wilfulness. Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999); *see also*, Gutierrez v. Hackett, 131 Fed. Appx. 621 (10th Cir. May 3, 2005) (case arising in the District of New Mexico; Tenth Circuit upholds trial court's exclusion of late expert report).

Applying these factors, the Court finds that the omission in McDonald's initial expert report of information and opinions contained in the supplemental report was neither "justified nor harmless." While the Court does not attribute the omission to any bad faith or wilfulness on the part of Galaxy or its expert witness, the other three factors noted in Woodworker's Supply nevertheless compel the Court to grant Defendants' motion to strike.

First, Defendants would clearly be prejudiced by permitting inclusion of the supplemental report. Defendants argue, and the Court agrees, that it would be unfair to allow Plaintiffs at this late date to present and rely on the supplemental report, as Defendants have already deposed McDonald based on the substance of his original report and cannot now depose him with regard to the opinions and information contained in the supplemental report, as discovery has closed. Defendants also point

out that they selected their own experts based on the original report, and now that their expert disclosure deadline has passed they will be unable to have their experts analyze and address the new material included in McDonald's supplemental report.

As this Court has noted in the past:

> Under a claim of "supplementation," Plaintiff intends to present a substantial amount of material that was not included in his initial report, and, apparently, in the expert's initial opinion. This is improper. Rule 26 contemplates that a <u>complete</u> report be filed within the time constraints indicated by the Court. There are no provisions in the rule for "preliminary reports," followed by "supplementary" reports as contemplated by Plaintiff. Rather, Rule 26 requires production of a "detailed and complete report" with full disclosure of all the opinions that will be offered at the time of trial, together with full disclosure of the basis for the opinions to be offered. To allow supplementation of reports with new opinions would thwart opposing counsel's ability to evaluate the strength and weakness of a case and to prepare to meet proofs at trial.

<u>Ray v. Rutherford</u>, No. Civ. 95-1578 SC/LFG (D.N.M. Jan. 15, 1997), slip op. at 5. *See also*, <u>Waltrip v. Ass'n of Mut. Protection</u>, No. Civ. 03-1245 BB/WDS (D.N.M. Mar. 22, 2005), slip op. at 1-2, wherein Judge Black noted that the expert disclosure at issue was made by Defendants ten days after the deadline for filing dispositive motions in the case, and "[a]llowing Dr. Rodriguez to testify as an expert in this case will prejudice Plaintiffs because they were unable to depose Dr. Rodriguez during the discovery period and prepared dispositive motions on a record which did not include her opinions." The same is true in this case, the deadline for dispositive motions having passed on April 29, 2005 [Doc. 118].

Thus, the Court finds that the first factor, surprise or prejudice, weighs against allowance of the supplemental report.

Turning to the second factor, although it is possible that Galaxy could "cure" the prejudice,

9

Case 1:03-cv-01236-JCH-LFG   Document 241   Filed 07/21/05   Page 10 of 11

if the Court were to allow reopening of discovery for the purpose of permitting Defendants to re-depose McDonald and resubmit their own expert rejoinder to the new information and opinions contained in the supplemental report, this would implicate the third factor in that it would disrupt the trial date and other case management deadlines.  This Court noted in Beller v. United States, 221 F.R.D. 689, 695 (D.N.M. 2003) (*quoting in part from* Resolution Trust Corp. v. Gregory, Civ. No. 94-0052 (Circuit Judge Paul Kelly sitting by designation):

> "Although Fed. R.Civ. P. 26(e) requires a party to 'supplement or correct' disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)."  To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could "supplement" existing reports and modify opinions previously given. This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines, because new reports and opinions would warrant further consultation with one's expert and virtually require new rounds of depositions.  That process would hinder rather than facilitate settlement and the final disposition of the case.

As the Tenth Circuit noted:  "The orderly conduct of litigation demands that expert opinions reach closure. *Cf. Daubert*, 509 U.S. at 597, 113 S. Ct. 2786 ('Scientific conclusions are subject to perpetual revision.  Law, on the other hand, must resolve disputes finally and quickly.')."  Miller v. Pfizer, Inc., 356 F.3d 1326, 1334 (10th Cir. 2004).

Thus, the second and third factors also weigh in favor of exclusion.  Although, as noted above, the Court does not find that Galaxy acted in bad faith, its "good faith alone would not be enough to overcome the other factors."  Jacobsen, *supra*, at 954.

10

### **Conclusion**

The fact that the information included in McDonald's supplemental report could have been disclosed initially, along with the evident prejudice to Defendants and disruption of the orderly process of litigation, compel this Court to exercise its discretion to grant Defendants' motion to exclude the supplemental report.

### **Order**

IT IS THEREFORE ORDERED that Defendants' Motion to Strike the Supplemental Expert Report of Brian McDonald [Doc. 228] is granted.  Dr. McDonald's testimony at trial will be confined to the information and opinions expressed in his original expert report, dated July 21, 2004.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge