IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

           Plaintiff,

v.	Civ. No. 03-1236 JH/ACT

CARL D. ROSENBLUM, an Individual,
CHARLES "TIM" ALLEN, an
Individual, and ORVILLE "GREGG" ALLEN,
an Individual,

           Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendant Carl D. Rosenblum's Motion for Summary Judgment* [Doc. No. 41], and several related motions, including Plaintiff's *Motion for Leave to Supplement Response to Rosenblum's Motion for Summary Judgment* [Doc. No. 53], *Rosenblum's Motion to Expedite Decision On His Motion for Summary Judgment* [Doc. No. 64], and *Defendant Carl D. Rosenblum's Objections to Magistrate's Discovery Order* [Doc. No. 160]. The primary issue before the Court is whether Defendant Carl Rosenblum ("Rosenblum"), who is an attorney representing his co-defendants Charles and Orville Allen in related Texas litigation, may be held liable for filing a notice of lis pendens in New Mexico. For the reasons outlined below, the Court finds that under the undisputed material facts, Rosenblum may not be held liable and his motion for summary judgment will be granted. The related motions will be denied as further explained herein.

**BACKGROUND**

Plaintiff Galaxy Ventures, LLC ("Galaxy") is a New Mexico corporation with its principal place of business in Albuquerque. Galaxy is 50% owned by DePonte Investments, Inc. ("DPI"), which is also its managing member. DPI is not a party to this case. Defendants Charles and Orville Allen ("the Allens") are residents of Texas, and their attorney, defendant Rosenblum, is a resident of Louisiana. On December 16, 2002, Galaxy purchased certain commercial real estate in the City of Albuquerque ("the Property") from DPI. DPI, in turn, had shared ownership of the Property with the Allens and had purchased the Allens' 50% interest in the Property only three days before selling it to Galaxy. This series of real estate transactions has given birth to two lawsuits.

The first of these is a lawsuit filed by the Allens against DPI and Brent DePonte in Texas state court ("the Texas litigation"). In the Texas litigation, the Allens contend that DePonte breached his fiduciary duty to them by failing to disclose his development plans for the property (including a third party's offer to buy the property). The Allens seek recission of their sale of the Property to DPI and a declaratory judgment entitling the Allens to share in the benefits and proceeds of the improvements constructed on the Property. Rosenblum represents the Allens in the Texas litigation. On June 26, 2003, Rosenblum filed an Affidavit of Pending Litigation and Disputed Title ("Rosenblum's Affidavit") in the public records of Bernalillo County, New Mexico. Rosenblum's Affidavit provides public notice of the Texas litigation.

This New Mexico lawsuit arises from the filing of the Rosenblum Affidavit. Claiming that such filing was wrongful, Galaxy asserts that the Rosenblum Affidavit has prevented it from obtaining credit and successfully developing and selling the Property. Galaxy's remaining claims in this case are for tortious interference with its existing contractual relationships with its lenders, prospective

purchaser, and others; prima facie tort; quiet title; and injunctive relief.

## DISCUSSION

**I.    ROSENBLUM'S MOTION FOR SUMMARY JUDGMENT**

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995) (quoting Fed. R. Civ. P. 56(c)). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. In other words, the materiality of a fact depends on whether the existence of the fact could cause a jury to reach different outcomes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001). An issue is genuine as to such facts if the evidence is sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**A.    Undisputed Material Facts**

With regard to Rosenblum's motion for summary judgment, the following material facts are undisputed. Rosenblum is an attorney licensed to practice law in Louisiana who represents the Allens in the Texas litigation, where he has been admitted to practice *pro hac vice*. Rosenblum has not been admitted to practice law in New Mexico. The Allens pay Rosenblum for his services by the hour, and he has no financial interest in the real property that is the subject of this case.

In the Texas litigation, the Allens have sued Brent DePonte and DPI, which owns 50% of Galaxy. Galaxy is not a named party in the Texas litigation. On June 23, 2003, Rosenblum executed a document titled "Affidavit of Pending Claims and Disputed Title," and then filed it with the Bernalillo County Clerk on July 26, 2003. Rosenblum's Affidavit sets forth the name, date, and nature of the Texas litigation, as well as the relief sought by the Allens in that case. Galaxy does not contend that the content of Rosenblum's Affidavit is inaccurate in any way.

**B.**     **Discussion**

Rosenblum argues that under the rule announced in *Garcia v. Rodey, Dickason, Sloan, Akin & Robb, P.A.*, 106 N.M. 757, 750 P.2d 118 (1988), an attorney has no duty to an adverse party with regard to actions taken by the attorney in the course of his representation of the client. In *Garcia*, the plaintiff had sued a local school board and its members in their official and individual capacities for violation of his federal civil rights. *Id*. at 759. The case went to trial, and during a conference on jury instructions, the plaintiff agreed to drop his claims against the board members in their individual capacities. *Id*. at 759-60. In doing so, the plaintiff relied at least in part on statements by defense counsel that the board would not assert an Eleventh Amendment immunity defense to the claims brought against its member in their official capacities. After a jury verdict in favor of plaintiff, the school board appealed and raised for the first time the defense of qualified immunity, upon which it prevailed. *Id*. Plaintiff then sued the school board's law firm for fraud, negligent misrepresentation, promissory estoppel, and breach of contract. *Id*. at 760

The New Mexico Supreme Court affirmed dismissal of the plaintiff's claims against the law firm, noting that:

> A majority of jurisdictions do not hold attorneys liable for professional

4

>negligence to third party non-clients. A duty of care toward non-clients has been found to exist only in those situations where the non-client was an intended beneficiary of the attorney's services, or where it was reasonably foreseeable that negligent service or advice to or on behalf of the client could cause harm to others. The two situations most productive of third party claims have been will drafting and examination of titles.

*Garcia*, 106 N.M. at 761 (internal citations omitted). In finding that no duty was owed by the law firm to its client's adversary, the court also noted that:

>Historically, our court system has always been adversarial in nature. The role of the attorney therein is to represent and advocate a client's cause of action as vigorously as the rules of law and professional ethics will permit. For that reason an attorney's exclusive and paramount duty must be to the client alone and this duty cannot run to the client's adversary.

*Id.* at 761.

The Court finds that this case falls within the principles set forth in *Garcia v. Rodey*. Here, it is undisputed that Rosenblum was acting as counsel for the Allens in the Texas litigation, that he was representing the Allens' interests when he filed the Rosenblum Affidavit in New Mexico, and that he has no personal interest in the Property. As the Allens' attorney, Rosenblum held an undivided duty of loyalty to his clients; he owed no duty to Galaxy, a non-client. To hold otherwise would impede the attorney-client relationship. Burdened with the fear of personal liability, attorneys would be tempted to place their own interest in evading liability ahead of their duty to zealously represent their clients.

Galaxy advances several arguments in an effort to avoid summary judgment. First, in its response brief [Doc. No. 51], Galaxy states that it "cannot fully respond to the facts alleged by Rosenblum due to the lack of personal testimony by Rosenblum regarding his involvement in filing

5

the Affidavit." This is tantamount to a request for relief and for additional discovery under Fed. R. Civ. P. 56(f). To resist summary judgment on this basis, a party must specifically identify what facts it seeks to discover and show how those facts would materially aid its case on the dispositive issues. *See Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1554-55 (10th Cir. 1993). However, Rule 56(f) "may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Unverified statements in attorney memoranda, including a response opposing summary judgment, are not sufficient for a Rule 56(f) continuance. *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992).

Galaxy has not satisfied its burden under Rule 56(f). Instead, in the response brief counsel for Galaxy merely made general statements about the need for more discovery. Galaxy did not provide an affidavit until three weeks after filing its response brief, and when it finally provided such an affidavit [Doc. No. 61], Galaxy did not specifically identify what facts it seeks to discover and nor did it show how those facts would materially aid its case on the dispositive issues presented in Rosenblum's motion for summary judgment. Galaxy's filing of its motion for leave to supplement its response to the motion for summary judgment (which it filed just two days after said response) suffers from the same deficiency.[1]

Second, Galaxy argues that because it is not an adverse party to the Allens in the Texas

---

[1] In its Motion for Leave to Supplement Response to Rosenblum Motion for Summary Judgment [Doc. No. 53], Galaxy avers that "a factual issue may be present for purposes of the Rosenblum MSJ with regard to any action which may have been taken by Carl Rosenblum for his own purposes and without regard to his representation of Defendants Charles and Orville [Gregg] Allen in the Texas litigation ..." It appears that question has been resolved, as Defendant Gregg Allen has testified that Rosenblum had no personal interest in the subject real estate. *See* G. Allen Depo. at pp. 41-43.

litigation, Rosenblum had a duty to Galaxy which he violated by filing his Affidavit. Galaxy bases this argument, in large measure, on the language from *Garcia v. Rodey* quoted above in which, due to the adversarial nature of our legal system, the court reasoned that it would be unreasonable to impose upon an attorney a duty to a non-client. Galaxy contends that because it is not a defendant in the Texas litigation, it was not adverse to the Allens when Rosenblum filed his Affidavit, and therefore he owed a duty of care to Galaxy. This argument proves too much. As explained in *Garcia v. Rodey*, the law imposes a duty by attorneys to non-clients only in rare, narrow circumstances not present here. Furthermore, it is unreasonable for Galaxy to suggest that at the time of the filing of the Rosenblum Affidavit its interests were not adverse to those of the Allens merely because they were not opposing parties in litigation. Clearly, Galaxy and the Allens had and continue to have competing, adverse interests in the Property. To the extent that the filing of the Rosenblum Affidavit, which is effectively a notice of lis pendens, was unlawful, Galaxy has an adequate remedy through its right to seek recovery from the Allens, on whose behalf attorney Rosenblum was acting at the time he filed that document.

Third, Galaxy argues that because Rosenblum was not licensed to practice law in New Mexico at the time he filed his Affidavit, he was not acting as an attorney, but rather as a garden-variety agent on behalf of the Allens. Therefore, Galaxy reasons, Rosenblum should be subject to the same tort principles—including the laws of agency—as any other person. Because agents can be held liable for torts committed in the scope of their agency and the resulting foreseeable damages, so can Rosenblum. Again, Galaxy's argument is unpersuasive. The fact that Rosenblum has not taken the New Mexico bar does not change the fact that he was acting as a lawyer-advocate for the Allens when he filed the Rosenblum Affidavit. If the Court were to accept Galaxy's argument, then under

*Garcia v. Rodey,* New Mexico would have separate standards for in-state and out-of-state lawyers, imposing liability if the tortfeasor-attorney is from out of state, but declining to impose liability if the attorney is licensed to practice in New Mexico. That is an illogical result.

Accordingly, because under the undisputed material facts Rosenblum is entitled to judgment as a matter of law, Rosenblum's motion for summary judgment will be granted.

## II.     RELATED MOTIONS

There are several pending motions that are related to or dependent upon the outcome of Rosenblum's motion for summary judgment.

First, Galaxy's motion for leave to supplement its response to Rosenblum's MSJ is yet another variant on its request relief under Rule 56(f) without actually meeting that rule's requirements. Essentially, Galaxy is asking for more discovery about the extent to which Rosenblum may have acted "for his own purposes" in filing the Rosenblum Affidavit. The motion provides no factual basis for Galaxy's belief that further discovery will turn up anything helpful, and in fact the Allens have testified that they pay Rosenblum by the hour and that he has no stake in the property. Galaxy has not come forward with any good faith explanation of how it anticipates that further discovery will assist it in challenging the motion for summary judgment. Accordingly, this motion will be denied.

Second, Rosenblum's motion to expedite decision on his motion for summary judgment is moot, and will be denied.

Third, Rosenblum also filed objections to a magistrate's discovery order. Galaxy has argued that by filing the Rosenblum Affidavit, defendants destroyed its credit and interfered with its contractual relationships with lenders who were going to provide financing for the property. Accordingly, Rosenblum served third-party subpoenas on those lenders in order to determine whether

Galaxy was denied credit, and whether or not the documents support Galaxy's damages claims. Galaxy moved to quash the subpoenas, arguing that they seek irrelevant information, and that defendants had waived the right to seek that information because defendants had not timely moved to compel on a similar request for production to which Galaxy had objected. The Magistrate's Order quashed Rosenblum's request for production of the financial statements that Galaxy and its members provided to lenders in order to obtain financing for the property. The magistrate found that (1) Rosenblum had waived his right to seek production of financial discovery from third-party witnesses based on his failure to file a timely motion to compel financial statements from Galaxy, and (2) the discovery was unduly burdensome. However, because the Court will be entering judgment in favor of Rosenblum and he will no longer be a party to the case, his motion is moot and will be denied.[2]

Fourth, on September 19, 2005, Galaxy filed a motion for leave to file a supplemental pleading relating to Rosenblum's motion for summary judgment. This motion, according to Galaxy, is due to an "about face" by Rosenblum regarding his role in filing the Rosenblum Affidavit. Galaxy argues that in their May 9, 2005 response to Galaxy's motion to amend complaint, defendants stated that "the act of signing an affidavit, as Mr. Rosenblum did, or of recording an affidavit in the Bernalillo County records, does not constitute the practice of law for which a license is required." Galaxy argues that this constitutes an admission that Rosenblum's actions fell outside the scope of the rule in *Garcia v. Rodey*. Galaxy argues that either Rosenblum was acting as an attorney, or he was not; Rosenblum cannot have it both ways. This argument is unavailing. Merely because one is not required to be a lawyer to file a notice of lis pendens in New Mexico does not mean that a lawyer may be held personally liable for advancing his client's interests in a lawsuit by filing a notice of lis

---

[2]There is no indication in the record that the Allens have joined in Rosenblum's motion.

pendens, or that the principles set forth in *Garcia v. Rodey* do not apply. Accordingly, Galaxy's most recent motion to file a supplemental brief on this issue will be denied as well.

**IT IS THEREFORE ORDERED** that:

(1) *Defendant Carl D. Rosenblum's Motion for Summary Judgment* [Doc. No. 41] is **GRANTED**;

(2) Plaintiff's *Motion for Leave to Supplement Response to Rosenblum's Motion for Summary Judgment* [Doc. No. 53] is **DENIED**;

(3) *Rosenblum's Motion to Expedite Decision On His Motion for Summary Judgment* [Doc. No. 64] is **DENIED AS MOOT**;

(4) *Defendant Carl D. Rosenblum's Objections to Magistrate's Discovery Order* [Doc. No. 160] is **DENIED AS MOOT**; and

(5) Plaintiff's *Motion to File Supplemental Pleading* [Doc. No. 250] relating to Rosenblum's motion for summary judgment is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE