IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico Limited liability company,

    Plaintiff,

v.                                        No. CIV-03-1236 JH/LFG

CARL D. ROSENBLUM, an Individual,
CHARLES "TIM" ALLEN, and
ORVILLE "GREGG" ALLEN, an Individual,

    Defendants.

## PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

COMES NOW, Plaintiff, Galaxy Ventures by and through its counsel, Chappell Law Firm, P.A., and hereby submits its proposed findings of fact and conclusions of law on equitable issue in this action.

## PROPOSED FINDINGS OF FACT:

1. Defendants Tim Allen and/or Gregg Allen authorized or caused the filing of the "Affidavit of Pending Claims and Disputed Title" ("Affidavit") in the Bernalillo County records on June 26, 2003.

    - Plaintiff's Exhibit 1
    - Testimony by Tim & Gregg Allen and Carl Rosenblum
    - Answers to Interrogatory No. 1 by Tim Allen and Gregg Allen

2. Defendant Carl Rosenblum caused the filing of the "Affidavit of Pending Claims and Disputed Title" ("Affidavit") in the Bernalillo County records on June 26, 2003.

    - Plaintiff's Exhibit 1
    - Testimony by Tim & Gregg Allen and Carl Rosenblum
    - Answers to Interrogatory No. 1 by Tim Allen and Gregg Allen

3. The Affidavit was based upon a legal action pending in the Civil District Court of Dallas County, Texas, B-44th Judicial District ("Texas Litigation").

- Plaintiff's Exhibit 1

4. The Affidavit was not based upon any legal action pending in state or federal court in the State of New Mexico.

- Plaintiff's Exhibit 1

5. Galaxy Ventures, LLC is not and was never a party to the Texas Litigation.

- Plaintiff's Exhibits 1, 18, 19, 20 & 216
- Testimony of Brent DePonte, Carl Rosenblum, Tim Allen and Gregg Allen

6. Galaxy Ventures, LLC is not represented by DePonte Investments, Inc. or Brent DePonte in the Texas Litigation.

- Testimony of Brent DePonte, Martin Lenzer & Patricia Lenzer

7. The filing of the Affidavit interfered with the Galaxy Ventures LLC ("Galaxy") sale of Tracts B-1C & B-1E to Swiderick Advanced Systems, Inc./SAS Southwest LLC ("Swiderick").

- Plaintiff's Exhibits 1, 10, 11, 12, 14, 23, 24, 25, 52, 53, 54, 55 & 56;
- Testimony by Bill Swiderick, Brent DePonte, Peter Gineris and Jerry Dillingham;

8. Galaxy has record title to Tracts B-1C & B-1E, Netherwood Park Addition in Bernalillo County, in the State of New Mexico.

- Plaintiff's Exhibits 2, 23, 25, 26, 27, 28 & 29;
- Testimony of Brent DePonte;

9. The filing of the Affidavit caused a cloud on Galaxy's title to Tracts B-1C & B-1E.

- Plaintiff's Exhibits 1, 10, 11, 12, 14, 23, 24, 25, 52, 53, 54, 55 & 56;
- Testimony by Bill Swiderick, Brent DePonte, Peter Gineris and Jerry Dillingham;

10. The filing of the Affidavit prevented Swiderick from obtaining financing from GE

Commercial Business Asset Financing.

- Plaintiff's Exhibits 1, 23, 24, 25, 52, 53, 54, 55, 56 & 57;
- Testimony by Bill Swiderick, Brent DePonte, Peter Gineris and Jerry Dillingham;

11. The filing of the Affidavit prevented Galaxy from obtaining long-term financing from GE Commercial Business Asset Financing.

- Plaintiff's Exhibits 1, 25, 52-64;
- Testimony by Brent DePonte, Bill Dolan, Peter Gineris and Jerry Dillingham;

12. The filing of the Affidavit prevented Swiderick from completing a 1031 tax exchange, thereby causing Swiderick to pay taxes which would otherwise have been deferred.

- Plaintiff's Exhibits 14, 34;
- Testimony by Bill Swiderick;

13. The filing of the Affidavit caused the general contractor for Galaxy (Gear & Condon) and numerous subcontractors to suffer a delay in final payment for five to six months.

- Plaintiff's Exhibits 71-99;
- Testimony by Brent DePonte, Dill Dolan;

## PROPOSED CONCLUSIONS OF LAW:

1. The Civil District Court of Dallas County, Texas, B-44th Judicial District, has no in rem jurisdiction over Tracts B-1C and B-1E, Netherwood Park Addition in Bernalillo County, in the State of New Mexico ("Tracts B-1C & B-1E").

2. The Civil District Court of Dallas County, Texas, B-44th Judicial District has no personal jurisdiction over Galaxy Ventures, LLC.

3. The Civil District Court of Dallas County, Texas, B-44th Judicial District has no authority to order Galaxy Ventures, LLC to rescind its purchase of Tracts B-1C & B-1E from DePonte Investments, Inc.

4. The Civil District Court of Dallas County, Texas, B-44th Judicial District cannot "affect" the title to Tracts B-1C & B-1E as the term "affecting" is used in §38-1-14, NMSA 1978.

5. §38-1-14, NMSA 1978, allows notices of the pendency of suits to be filed only where the suits are pending in the district court of the State of New Mexico or in the United States district court for the district of New Mexico.

6. No means other than §38-1-14, NMSA 1978, are provided in the State of New Mexico for the giving of constructive notice of pending suits to purchasers or encumbrancers of real property.

7. Strict compliance with §38-1-14, NMSA 1978 is required.

8. The filing of a notice of the pendency of a lawsuit in the real property records of a county in the State of New Mexico operates to cloud the title of the real property concerned and effectively prevents the property's transfer on the public market.

9. The filing of the Affidavit in the Bernalillo County real estate records was illegal and against the terms of §38-1-14, NMSA 1978.

10. The Affidavit must be cancelled and expunged from the public real estate records of Bernalillo County.

11. Defendants Charles "Tim" Allen, Orville "Gregg" Allen and Carl Rosenblum shall be permanently enjoined from filing any documents identical or similar to the Affidavit in content or effect in Bernalillo County, State of New Mexico.

12. §38-1-14, NMSA 1978 is not ambiguous with regard to the location of lawsuits for which notice of pendency may be given.

13. Public policy factors favor a strict interpretation and application of §38-1-14, NMSA

1978 by limiting its use only to lawsuits originating in the district court of the State of New Mexico or in the United States district court for the district of New Mexico.

14. An attorney has no privilege to file a notice of pending claims contrary to the provisions of state law.

15. Legal and equitable title to Tracts B-1C & B-1E shall be quieted in Galaxy Ventures, LLC.

                        Respectfully submitted,

                        CHAPPELL LAW FIRM, P.A.

                        By   /s/ Michael Hoeferkamp
                             Bill Chappell, Jr.
                             Michael Hoeferkamp
                             Albuquerque Centre, Suite 150
                             6001 Indian School Rd., NE
                             Albuquerque, New Mexico 87110
                             (505) 878-9600
                             *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

It is hereby certified that I caused to be mailed and faxed a true and correct copy of the foregoing **Plaintiff's Proposed Findings of Fact & Conclusions of Law** to:

| | |
|---|---|
| Charles K. Purcell, Esq. | Cerianne L. Mullins, Esq. |
| Rodey, Dickason, Sloan, Akin & Robb, P.A. | Peifer, Hanson & Mullins, P.A. |
| P.O. Box 1888 | Post Office Box 25245 |
| Albuquerque, NM 87103 | Albuquerque, NM 87125-5245 |
| (505) 765-5900 | (505) 247-4800 |
| *Attorneys for Defendants* | *Attorney for Defendant Rosenblum* |

on this 4th day of October, 2005.

                                               /s/ Michael Hoeferkamp
                                               Michael Hoeferkamp

I certify that the copies sent via facsimile were sent by myself from facsimile number 878-9696 and transmission was reported as complete and without errors to the following facsimile number(s) at the following time:

Charles K. Purcell, Esq., Esq., fax # 768-7395    at 7:37 a.m./p.m. on 10/4/05.
Cerianne L. Mullins, Esq., fax # 243-6458    at 7:37 a.m./p.m. on 10/4/05.

_/s/ Michael Hoeferkamp_
Michael Hoeferkamp

G:\Data\WP60\2003\23651\Galaxy Litigation\Fed pleadings\Findings & Conclusions.wpd