## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

                Plaintiff,

v.                                                Civ. No. 03-1236 JH/ACT

CHARLES "TIM" ALLEN, an
Individual, and ORVILLE "GREGG" ALLEN,
an Individual,

                Defendants.

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *Defendants' Motion to Exclude the Expert Report and Testimony of Brian McDonald* [Doc. No. 179], *Defendants' Motion for Partial Summary Judgment, or Alternatively in Limine, Regarding Investment Damages* [Doc. No. 185], and Plaintiff's *Objection to Memorandum Opinion and Order Granting Defendants' Motion to Strike Supplemental Expert Report of Brian McDonald* [Doc. No. 245]. The primary issue raised by these motions is whether the opinions of economist Brian McDonald, damages expert for Plaintiff Galaxy Ventures, LLC ("Galaxy"), should be excluded from evidence at trial. For the reasons outlined below, the Court finds that Mr. McDonald's opinions contained in both his original and supplemental reports are inadmissible. Accordingly, the motions brought by Defendants[1] Charles and Orville Allen ("the Allens") will be granted, and Galaxy's objections to the magistrate's order will be denied.

---

[1] Co-defendant Carl D. Rosenblum joined in the motions as well. However, because judgment has been entered in favor of Rosenblum on all of Galaxy's claims, the Allens are the only remaining defendants in the case.

**DISCUSSION**

**I.     BRIAN McDONALD'S REPORTS**

Brian McDonald ("McDonald") is an economist who has offered expert opinions regarding Galaxy's damages.  McDonald has identified two[2] categories of damages incurred by Galaxy with regard to the real property located in midtown Albuquerque ("the Property") that is the subject of this lawsuit: (1) lost opportunity to earn an economic return on the expected profit from the sale of the Property in downtown, and (2) expected reduction in the future sales price of the Property due to an expected rise in interest rates.

Under the first damage theory, McDonald asserts in his original complaint that Galaxy would have received a $1.1 million net profit from its sale of the Property to a third party known as Swiderek Advance Systems ("SAS"), all of which it would have immediately reinvested in another, unidentified real property or properties in order to earn a 35.7% annual rate of return.  McDonald opines that, in three years, Galaxy would have earned a return of $475,565 from that investment.[3]

Under the second damage theory, McDonald opines that Galaxy will earn significantly less from a sale of the Property than it would have earned if the Property had been sold to SAS in July 2003 as planned.  McDonald attributes this to the rise in interest rates and the corresponding increase in capitalization rates since that time.  He contends that interest rates will continue to rise, financing

---

[2] McDonald identified a third category of damages, "the present value of additional net lease income expected ... from a 4,000 square feet expansion of [the Property]," a theory which Galaxy has elected not to pursue.

[3] McDonald's supplemental report alters these numbers downward, as he adjusts his calculations in recognition of criticisms directed at his analysis by the Allens' experts. However, the Court will not consider his supplemental report, as it has been stricken from the record as discussed *infra*.

costs will increase, and prospective buyers will offer less money for the Property.

## II.   DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT, OR ALTERNATIVELY IN LIMINE, REGARDING INVESTMENT DAMAGES

This motion focuses on the *first* damages theory described by McDonald: lost profits from real estate investments that Galaxy would have made if it had sold the Property in July of 2003. Defendants argue that under New Mexico law, a plaintiff may not recover "second generation" lost profits that the "first generation" lost profit from the thwarted sale of the property supposedly would have generated through reinvestment. Defendants argue that such "second generation" lost profits are speculative, relying upon *Armijo v. Nat'l Sur. Corp.*, 58 N.M. 166 (1954). In that case, the plaintiff sued a general contractor and the contractor's surety. The plaintiff and the contractor were joint venturers in a contract awarded by the Atomic Energy Commission. *Id.* at 168-69. Plaintiff sued the surety for inducing the contractor to break his contract with plaintiff and conspiring to defraud plaintiff. *Id.* at 169-170. The New Mexico Supreme Court held that plaintiff could recover his lost profits from the joint venture with the contractor under the AEC contract. *Id.* at 179. However, the court reasoned that plaintiff could not recover profits that he would have made on other contracts for which he would have bid had he received the proceeds of the contract with the AEC, stating that plaintiff "was not entitled to show in evidence as a part of his damages, anticipated and hoped-for profits on a half dozen or more contracts or enterprises, wholly aside from the one in question, which but for an impaired credit consequent on defendant's acts, he might have undertaken or carried to completion." *Id.*

Galaxy's attempts to distinguish *Armijo*, but those attempts are not persuasive. According to McDonald's report, Galaxy is seeking to recover the profits it would have made had it been able

3

to reinvest its anticipated $1.1 million profit from the sale of the Property to SAS. That is precisely the type of contingent, speculative damages not permitted under *Armijo*. If Galaxy has suffered from its loss of the use of that money, then the law provides for pre- and post-judgment interest at a prescribed rate. However, the law does not permit Galaxy or the jury to speculate on what types of real estate deals that Galaxy would have made or the profit it would have earned. Accordingly the Allens' motion will be granted.

### III.     DEFENDANTS' MOTION TO EXCLUDE EXPERT REPORT AND TESTIMONY OF BRIAN MCDONALD

Citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), Defendants contend that McDonald's opinions on damages do not satisfy Rule 702, which requires that expert testimony meet the following prerequisites: (1) that the expert be qualified by skill, knowledge, experience, training, or education; (2) that the testimony address a subject matter on which the fact-finder will be assisted by an expert; (3) that the testimony is based upon sufficient facts or data; (4) that the testimony is the product of reliable principles and methods, and (5) that the witness has applied those principles and methods reliably to the facts of the case. *See* Fed. R. Evid. 702. Under *Daubert*, the Court must ensure that the expert testimony "is not only relevant, but reliable." *Daubert*, 509 U.S. at 589.

In this regard, the court should consider (1) whether the expert's testimony can be or has been tested, (2) whether the theory has been subjected to peer review and publication, (3) the known or potential rate of error; and (4) whether the theory has general acceptance. *Id*. at 593-94. Subsequently, in *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), the Supreme Court made "clear that this gate-keeping function applies not just to

scientific expert testimony" as discussed in *Daubert*, but also to testimony based on "'technical' and 'other specialized' knowledge.'" *Kumho Tire*, 526 U.S. at 141, 119 S.Ct. 1167 (quoting Fed.R.Evid. 702).

Because the Court has already granted the Allens' motion for summary judgment regarding investment damages, this *Daubert* motion is moot as to that theory. Accordingly, the Court turns to Galaxy's second theory of damages: decrease in the future sales value of the property as a result of a forecasted rise in interest rates. Under this theory, McDonald opines that Galaxy will earn significantly less from a future sale of the Property than it would have earned if the Property had been sold to SAS in July 2003 as planned. McDonald attributes this to the rise in interest rates since that time. He contends that interest rates will continue to rise, and that higher rates will cause buyers to offer less money for the Property.

The Allens challenge this opinion on several grounds. First, they argue that McDonald is not qualified to render this opinion because he is an economist, not a commercial real estate appraiser or other expert in commercial real estate who can analyze the value of commercial property. Second, the Allens object to McDonald's speculation regarding whether interest rates will rise or fall in the future, and regarding the price the Property will fetch whenever it is sold. The Allens offer the opinions of their own experts who opine that no one knows how interest rates will behave, when the property will sell, or for how much, and therefore McDonald's opinions are mere speculation. Third, the Allens contend that McDonald's opinions are unreliable because he misunderstands and misapplies the concept of "capitalization rates," and they offer their own competing expert who opines that McDonald's methodology is unreliable. The Allens point out that in March of 2005, approximately nine months after McDonald's report, Galaxy received an offer to purchase the property for $4.1

million—the same offer it had received in July of 2003—as evidence to show that McDonald's methodology is unreliable. Finally, the Allens use their own expert testimony to assert that McDonald's assumed one-to-one correlation between interest rates and capitalization rates is unreliable and inaccurate.

On October 4, 2005, the Court held oral argument on the motion at which counsel for both Galaxy and the Allens advocated their positions on the *Daubert* issue before the Court. After considering those arguments as well as the briefs and the evidence presented by the parties, the Court concludes that the motion should be granted on the grounds that McDonald's opinions regarding the future value of the property are both unreliable and based upon impermissible speculation.[4] Galaxy has not met its obligation to demonstrate that McDonald's testimony is based upon sufficient facts or data or is the product of reliable principles and methods. In addition, Galaxy has failed to demonstrate that McDonald's testimony as it is related in his original report and deposition testimony can be or has been tested, that his theory has been subjected to peer review and publication, or that his theory has general acceptance.[5]

For all of the foregoing reasons, the Allens' motion will be granted, and McDonald's testimony will be excluded from evidence at trial.

### III. PLAINTIFF'S OBJECTION TO MAGISTRATE ORDER GRANTING DEFENDANTS' MOTION TO STRIKE MCDONALD'S *SUPPLEMENTAL* REPORT

Under Rule 72(a), a reviewing district court must defer to the magistrate judge's decision

---

[4] Having ruled on these grounds, the Court does not reach the issue of whether McDonald is qualified to render the opinions he proffers.

[5] In addition, the Court again suggests, as it did at the hearing, that Galaxy's claim for lost value on the Property may not be ripe, as Galaxy has yet to sell the real estate in question.

unless it is clearly erroneous or contrary to law. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997). To overturn the magistrate judge's decision as clearly erroneous under Rule 72(a), the Court must have a "definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364 (1948)). With respect to a nondispositive discovery dispute, the district court will overrule a magistrate judge's determination only if the magistrate judge abused his discretion in making that determination. *Creative Gifts, Inc. v. UFO*, 183 F.R.D. 568 (D.N.M. 1998) (Hansen, J.) (quoting *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991)). Routine discovery motions, such as the one presently before the Court, are "non-dispositive" within the meaning of Rule 72(a). *Id*.

As mentioned above, McDonald produced a supplemental report addressing some of the problems in his original report that were pointed out by the Allens and their experts. Specifically, the supplemental report contains new information regarding McDonald's qualifications as an expert, additional support for his conclusions (such as references to publications and journals that support his positions), and data that alters his damages calculations (such as information on closing costs that would have decreased Galaxy's profit on the sale of the Property). The Allens moved to exclude the supplemental report, and Chief Magistrate Judge Garcia granted their motion because: (1) Galaxy's presented the supplemental report ten months after the deadline for submitting expert reports, and almost two months after the close of discovery (which had already been extended twice); (2) a party may supplement an export report that is "incomplete or incorrect," but McDonald's supplemental report contains new information about his credentials, references to publications, and historical information on closing costs that was available at the time of his original report, not new information;

7

(3) the expressly stated purpose of McDonald's supplemental report is to rebut Defendants' experts; however, such rebuttal testimony is subject to a 30-day deadline under Rule 26(a)(2)(C), yet Galaxy waited until more than four months after defendants submitted their expert reports; and (4) Defendants would be unfairly prejudiced by the supplemental report because they have already deposed McDonald and chosen their experts based on the original report, and reopening discovery to cure this prejudice would disrupt case management deadlines.

After reviewing Judge Garcia's decision and the briefs submitted by the parties, the Court concludes that the magistrate's analysis of the supplemental report was fair and accurate. The magistrates's order is neither clearly erroneous nor contrary to law, and therefore Galaxy's objections will be denied.

**IT IS THEREFORE ORDERED** that:

(1) *Defendants' Motion for Partial Summary Judgment, or Alternatively in Limine, Regarding Investment Damages* [Doc. No. 185] is **GRANTED**,

(2) *Defendants' Motion to Exclude the Expert Report and Testimony of Brian McDonald* [Doc. No. 179] is **GRANTED** as to Galaxy's claim for a decrease in the sales price of the Property, and **DENIED AS MOOT** as to Galaxy's claim for lost investment damages, and

(3) Plaintiff's *Objection to Memorandum Opinion and Order Granting Defendants' Motion to Strike Supplemental Expert Report of Brian McDonald* [Doc. No. 245] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**