# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

        Plaintiff,

v.                                    Civ.  No.  03-1236 JH/ACT

CHARLES "TIM"  ALLEN, an
Individual, and ORVILLE "GREGG"  ALLEN,
an Individual,

        Defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## ON COUNT IV OF THE PLAINTIFF'S  AMENDED COMPLAINT

This matter is before the Court on Count IV of Plaintiff's Amended Complaint, in which

Plaintiff Galaxy Ventures, LLC ("Galaxy") seeks injunctive relief against the Defendants Charles

"Tim" Allen and Orville "Gregg" Allen ("the Allens").  Specifically, Galaxy asks this Court to order

the Allens to remove from the public real property records of Bernalillo County the Affidavit of

Pending Claims and Disputed Title filed by their attorney, Carl Rosenblum[1], on June 26, 2003.

At a hearing held on October 19, 2005, the parties discussed the proper disposition of the

equitable claim contained in Count IV and agreed that it should be tried to the Court.  In addition,

the parties agreed that the voluminous evidence currently in the record before the Court on this issue

was adequate, and that they need not present additional testimony or other evidence.  Rather, the

parties agreed that the Court could resolve the fact issues raised in Count IV based upon the current

---

[1] Carl Rosenblum was a defendant in this case.  However, on September 30, 2005, this
Court granted Rosenblum's motion for summary judgment, and on October 4, 2005 entered
partial summary judgment in his favor.  Accordingly, Rosenblum is no longer a party to this
action.

state of the record, provided that they would have an additional opportunity to make their legal

arguments before the Court.  Accordingly, on October 25, 2005, the Court heard oral argument on

the equitable claim from counsel for the parties.  Based upon those arguments, as well as the other

arguments set forth in the briefs filed by the parties throughout this case and the extensive evidence

in the record, the Court now makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1.      Galaxy is a New Mexico corporation with its principal place of business in Albuquerque.

Galaxy is 50% owned by DePonte Investments, Inc. ("DPI"), which is also its managing member.

2.      On December 16, 2002, Galaxy purchased certain commercial real estate in the City of

Albuquerque ("the Property") from DPI.  DPI, in turn, had previously shared ownership of the

Property with the Allens and had purchased the Allens' 50% interest in the Property on December

13, 2002, only three days before selling the Property to Galaxy.

3.      The Allens have sued DPI and its President, Brent DePonte, in the Civil District Court of

Dallas County, Texas, B-44th Judicial District ("the Texas litigation").

4.      In the Texas litigation, the Allens allege that DePonte breached his fiduciary duty to them by

failing to disclose his development plans for the Property (including a third party's offer to buy the

Property).  The Allens seek recission of their sale of the Property to DPI and a declaratory judgment

entitling the Allens to share in the benefits and proceeds of the improvements constructed on the

Property.

5.      Galaxy is not and never has been a party to the Texas litigation.

6.      Attorney Carl Rosenblum ("Rosenblum") represents the Allens in the Texas litigation.

7.      On June 26, 2003, Rosenblum recorded an Affidavit of Pending Litigation and Disputed Title

("Rosenblum's Affidavit") in the real property records of Bernalillo County, New Mexico, and did

so at the behest of the Allens in his capacity as their attorney.  Rosenblum's Affidavit contains

factually correct information about the subject matter, parties, and legal claims being made in the

Texas litigation.

8.      Rosenblum's Affidavit is not based upon any legal action pending in any court of the State

of New Mexico nor in the Federal District Court for the District of New Mexico.

## CONCLUSIONS OF LAW

1.      Rosenblum's Affidavit is essentially a notice of lis pendens, which gives public notice

regarding the Texas litigation.

2.      The New Mexico Legislature has enacted NMSA 1978, § 38-1-14 regarding the content and

recording of notices of lis pendens.  The statute provides, in pertinent part:

> **§ 38-1-14.  Notice of lis pendens; contents; recording; effect**
> In all actions *in the district court of this state or in the United States*
> *district court for the district of New Mexico* affecting the title to real
> estate in this state, the plaintiff, at the time of filing his petition or
> complaint, or at any time thereafter before judgment or decree, may
> record with the county clerk of each county in which the property may
> be situate a notice of the pendency of the suit containing the names of
> the parties thereto, the object of the action and the description of the
> property so affected and concerned ....

(emphasis added).

3.      NMSA 1978, § 38-1-14 was enacted in 1874.  The New Mexico Legislature amended the

statute in 1959 and 1965.

4.      A federal district court must interpret state laws according to state rules of statutory

construction.  *See Ward v. Utah*, 398 F.3d 1239, 1248 (10th Cir. 2005); *Citizens for Responsible*

*Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1190 (10th Cir. 2000).

5.      The New Mexico Supreme Court has stated that "[t]he starting point in every case involving

the construction of a statute is an examination of the language utilized by [the Legislature] in drafting

the pertinent statutory provisions." *State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d

939 (internal quotation marks and citations omitted).

6.      Furthermore, the New Mexico Court of Appeals has held that the court's "principal objective

in interpreting a statute is to determine and give effect to the intent of the legislature." *Aguilera v.

Bd. of Educ.*, 2005-NMCA-069, ¶ 10, 137 N.M. 642, 114 P.3d 322, *cert. granted*, 2005-NMCERT-

6, 137 N.M. 767 (internal quotation marks and citations omitted).

7.      The "primary indicator" of the legislature's intent is the plain language of the statute, and the

interpreting court should give the words used in the statute their ordinary meaning unless the

legislature indicates a different intent.  *Id*.

8.      The plain language of § 38-1-14 states that one may record a notice of lis pendens with regard

to litigation "in the district court of this state or in the United States district court for the district of

New Mexico."   This language is clear and unambiguous.

9.      Based upon the clear and unambiguous language of the statute, the Court infers that the intent

of the New Mexico Legislature in drafting and revising § 38-1-14 was to limit the filing of notices of

lis pendens to those legal actions pending inside the State of New Mexico.

10.     Because the Rosenblum Affidavit relates to a lawsuit pending in the State of Texas, it does

not comply with the requirements of § 38-1-14.

11.     There are good public policy reasons to permit litigants to record notices of lis pendens in

New Mexico that relate to litigation pending outside of New Mexico.  Among those policies are to

protect court proceedings and to give notice to prospective purchasers.  However, the Court may not

sit as a "super-legislator," but rather is constrained by the will of the New Mexico Legislature as it is embodied in the plain language of § 38-1-14.

12.      The Rosenblum Affidavit must be canceled and removed from the public real estate records of Bernalillo County, New Mexico.

13.      The Allens are permanently enjoined from filing a notice of lis pendens relating to the Property that does not relate to a lawsuit pending in the State of New Mexico as required by § 38-1-14.


_____
**UNITED STATES DISTRICT JUDGE**