**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

GALAXY VENTURES, LLC,
a New Mexico limited liability company,

                Plaintiff,

v.                                                   Civ. No. 03-1236 JH/ACT

CHARLES "TIM" ALLEN, an
Individual, and ORVILLE "GREGG" ALLEN,
an Individual,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Defendants' Motion for Reconsideration and Judgment as a Matter of Law With Respect to Tortious Interference Claim* [Doc. No. 314]. The issue before the Court is whether Defendants are entitled to judgment as a matter of law on Plaintiff's claim of tortious interference with existing contractual relations (Count I of the Amended Complaint), or whether that claim should go to trial before a jury. On October 25, 2005, the Court heard oral argument on the motion. Based upon those arguments, the other arguments set forth in the briefs filed by the parties throughout this case, the extensive evidence in the record, and the law, the Court concludes that the motion should be granted.

**DISCUSSION**

In order to prevail on a claim for tortious interference with existing contract, Galaxy must prove that Defendants took action to persuade others to break their contractual obligations to Galaxy and that Defendants accomplished this with *either* an improper motive or an improper means. *Fikes v. Furst*, 2003-NMSC-033 ¶ 20, 134 N.M. 602. The improper motive need not be the sole motive.

*Id.* at ¶ 22.

In its October 12, 2005 Memorandum Opinion and Order, the Court determined that there was no genuine issue of material fact as to whether Defendants acted with improper *motive* in causing the filing of the Rosenblum Affidavit, and therefore found in Defendants' favor with regard to that aspect of Galaxy's claim. However, the Court left open the question of whether Defendants could be held liable for tortiously interfering with Galaxy's contractual relations through improper *means*. Defendants now ask the Court to reconsider that decision, advancing three arguments. First, Defendants contend that they did not have the detailed knowledge of the contract required for tortious interference. Second, they contend that an absolute privilege attaches to the filing of a notice of lis pendens that shields them from liability for tortious interference with contract. Third, Defendants argue that, as a matter of law, the filing of a notice of lis pendens cannot constitute "improper means" under New Mexico law. The Court addresses the second argument, and declines to reach the first and third.

**I.      IS THE NOTICE OF LIS PENDENS PRIVILEGED?**

A discussion of the issue of whether a lis pendens is privileged under New Mexico law with regard to a claim for tortious interference must begin with the New Mexico Supreme Court's decision in *Superior Construction, Inc. v. Linnerooth*, 103 N.M. 716 (1986). The question in that case was whether the filing of a notice of lis pendens carries an absolute privilege against a claim for slander of title. Because this was a matter of first impression in New Mexico at that time, the *Linnerooth* court looked to the decisions of courts in other states for guidance, and noted that "the majority of cases from other jurisdictions that have dealt with the question have held that such filing enjoys the absolute privilege that is accorded to judicial proceedings." *Id.* at 718. (citing *Albertson v. Raboff*

and *Procacci v. Zacco*, both discussed *infra*). The court adopted the rationale of those courts that held that publications made in judicial proceedings are absolutely privileged, and the recording of a notice of lis pendens is in effect a republication of those judicial proceedings, so the lis pendens, in turn, should be afforded the same absolute privilege against a claim for slander of title. *Id*. at 719. The court also observed that the plaintiff might have had a viable claim for abuse of process[1], though it did not comment on the applicability of the privilege to a claim for tortious interference with contractual relations. *Id*. at 720. Indeed, to this day no New Mexico court has filled that void.

Although in New Mexico courts have not yet addressed the issue of whether the filing of a notice of lis pendens is absolutely privileged, several other states have done so. The California Supreme Court turned to the question in 1956, when a plaintiff alleged that the defendant knowingly filed a baseless claim to an interest in her property and disparaged her title by filing a notice of lis pendens. *Albertson v. Raboff*, 295 P.2d 405, 407 (Cal. 1956). Reasoning that a lis pendens that is recorded as authorized by statute is in effect a republication of the pleadings in the underlying litigation, which are themselves privileged, and observing that the same privileges generally apply to the torts of defamation and slander of title, the California court found that the defendant's notice of lis pendens was absolutely privileged from liability. *Id*. at 408-09. Relying upon *Albertson* and the strong public policy of affording litigants the utmost freedom of access to the courts without fear of being harassed by defamation actions, the California Court of Appeals later extended that absolute

---

[1] In New Mexico, abuse of process has been merged with malicious prosecution to form the tort of malicious abuse of process. *DeVaney v. Thriftway Marketing Corp.*, 1998-NMSC-001, 124 N.M. 512. At least one court outside of New Mexico has taken a similar view of the matter, observing: "It may be noted at the outset that the fact a communication may be absolutely privileged for the purposes of a defamation action does not prevent its being an element of an action for malicious prosecution in a proper case." *Albertson v. Raboff*, 295 P.2d 405, 410 (Ca. 1956).

3

privilege to claims for intentional inference with prospective contractual relations, regardless of whether the lis pendens was recorded with actual malice. *Woodcourt II Limited v. The McDonald Co.*, 173 Cal. Rptr. 836 (Ct. App. 1981).

The Courts of Utah have also developed some law related to this issue. In *Birch v. Fuller*, 337 P.2d 964 (Utah 1959), the court affirmed a verdict on behalf of plaintiff on a claim for slander of title, when the defendant filed a notice of lis pendens, but had filed no underlying lawsuit asserting a right to the property as alleged in the notice of lis pendens. The implicit reasoning in *Birch* was that the underlying purpose of a notice of lis pendens—to give prospective purchasers notice of a pending lawsuit affecting title to real property—cannot be satisfied when no such lawsuit exists, and therefore there are no judicial proceedings to be republished. Along those same lines, in *Hansen v. Kohler*, 550 P.2d 186, 190 (Utah 1976), the same Utah court noted that "a lis pendens is, in effect, a republication of the pleadings. Since the publication of the pleadings is absolutely privileged, the republication thereof by recording a notice of lis pendens is similarly privileged." More recently, the Utah Court of Appeals found that a notice of lis pendens referencing a lawsuit that was no longer pending and that did not affect title to the real estate in question was not in compliance with Utah statutes, and therefore could serve as the basis for liability for filing a wrongful lien. *Winters v. Schulman*, 977 P.2d 1218, 1223-24 (Utah Ct. App. 1999). However, neither *Birch* nor *Winters* nor *Bower* explicitly addressed the question presented here: whether a notice of lis pendens that fails to satisfy all state statutory requirements is absolutely privileged against a claim for tortious interference with contractual relations. That changed three years later when the United States District Court for the District of Utah decided *Bower v. Stein Eriksen Lodge Owners Ass'n, Inc.*, 201 F. Supp. 2d 1134 (D. Utah. 2002). In that case, the plaintiff made a claim for tortious interference with contractual

relations based upon the filing of a notice of lis pendens that did not meet the state's statutory filing requirements. Relying upon a Texas decision, *Prappas v. Meyerland Cmty. Improvement Ass'n*, 795 S.W.2d 794, 797-98 (Tex. Ct. App. –Houston 1990), the court found that as a republication of pleadings filed in litigation, a notice of lis pendens is absolutely privileged against a claim for tortious interference with economic relations, even if the notice itself was not filed in accordance with statutory requirements. *Bower*, 201 F. Supp. 2d at 1139. Both the *Bower* and *Prappas* courts reasoned that rather than to seek money damages in tort, the proper remedy is to seek removal of the noncomplying notice of lis pendens. *See id*.

In fact, in addition to *Prappas* there is an established line of Texas cases declining to impose civil liability, including liability for tortious interference with contractual relations, upon one who files a notice of lis pendens. In 1985, the Texas Court of Appeals held that the absolute privilege for notices of lis pendens that applies not only to slander of title, but also to tortious interference claims. *Griffin v. Rowden*, 702 S.W.2d 692 (Tex. Ct. App. –Dallas 1985) (relying, in part, on *Woodcourt II, supra*). The court reasoned that "good faith litigants should be assured access to the judicial system" without fear of being harassed by defamation actions and similar claims. *Id*. at 695. *See also Manders v. Manders*, 897 F. Supp. 972, 978 (S.D. Tex. 1995) (finding that the absolute privilege accorded to notices of lis pendens applies, regardless of whether it is recorded with malice or in bad faith in an effort to destroy plaintiff's real estate business) (citing *Prappas* and *Griffin*); *Chale Garza Investments, Inc. v. Madaria*, 931 S.W.2d 597, 600 (Tex. Ct. App. –San Antonio 1996) ("A lis pendens is absolutely privileged in an action for tortious interference of contract and does not constitute interference as a matter of law.").

Courts in various other states have reached similar conclusions, finding the privilege afforded

to notices of lis pendens to be either absolute, *see, e.g., Lippman v. Bridgecrest Estates I Unit Owners Ass'n, Inc.*, 991 S.W.2d 145, 152 (Mo. App. 1998) ("Absolute privilege attaches to the filing of a lis pendens when such notice has a reasonable relation to the action filed," and the filer's motivations are irrelevant); *Lone v. Brown*, 489 A.2d 1192, 1197 (N.J. App. Div. 1985); *Procacci v. Zacco*, 402 S.2d 425, 426-27 (Fla. Ct. App. 1981), or conditional. *See, e.g., Belliveau Building Corp. v. O'Coin*, 763 A.2d 622, 629 (R.I. 2000) ("This privilege [afforded to lis pendens as a defense to tortious interference], however, is a conditional one; the opposing party still may prevail upon a showing of 'actual malice' on the part of the party recording such a notice."); *Vintage Homes, Inc. v. Levin*, 554 A.2d 989, 994 (Pa. 1989); *Toltec Watershed Improvement Dist. v. Johnston*, 717 P.2d 808, 814-15 (Wyo. 1986).

Galaxy has not pointed to, nor has this Court uncovered, any case in which a court has found that the privilege applicable to notices of lis pendens acts as a defense to claims of defamation and slander of title, but not as to tortious interference with contractual relations. Rather, Galaxy seeks to distinguish the forgoing cases, arguing that in each of those cases the notices of lis pendens had been filed in accordance with statutory requirements, a factor not present here. Galaxy argues that the Rosenblum Affidavit refers to litigation outside of New Mexico in contravention of NMSA 1978, § 38-1-14, it does not meet statutory requirements, the lis pendens is not permitted by New Mexico law, and therefore the privilege normally afforded notices of lis pendens does not attach. Galaxy cites *Albertson*, wherein the court states:

> It is our opinion that the privilege applies to any publication, such as the recordation of a notice of lis pendens, that is *required*, e.g., Code Civ.Proc. § 749, or *permitted*, e.g., Code Civ.Proc. § 409, *by law* in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom

6

>and no function of the court or its officers is invoked.... If the publication has a reasonable relation to the action and is *permitted by law*, the absolute privilege attaches.

295 P.2d at 409 (emphasis added). Several courts, including those in *Woodcourt II*, *Manders*, *Procacci*, and *Belliveau Building Corp.* either quote this passage of *Albertson* or employ similar language. However, none of them actually interprets the significance of the words "required or permitted by law" or explains the legal effect of a statutory violation upon the privilege accorded to lis pendens. Galaxy also relies upon *Birch v. Fuller*, *supra*, but as explained above, that case is entirely distinguishable because there was no underlying civil action to be "republished" in the notice of lis pendens, a difference that renders *Birch* inapplicable here.

Rather, the question to be addressed in this case is whether or not the strong public policy of protecting statements made in litigation and later republished by recording a notice of lis pendens is outweighed by the failure of the lis pendens to satisfy all applicable statutory requirements. The Court finds that it is not outweighed, and the privilege remains. The reasoning of the courts in *Bower* and *Prappas* is persuasive: the proper remedy for the filing of a lis pendens that does not comply with the lis pendens statute is to seek removal of the lis pendens from the public record, as Galaxy has done here.[2] *Bower*, 201 F. Supp. 2d at 1139; *Prappas*, 795 S.W.2d at 797-98. To hold otherwise would render the interest in unfettered public access to the courts—an interest embraced by the New Mexico Supreme Court in *Linnerooth*, 103 N.M. at 719—virtually meaningless by allowing claims for tortious interference while prohibiting claims for defamation. "If the policy, which in defamation actions affords an absolute privilege or immunity to statements made in judicial and *quasi* judicial

---

[2]*See* the Findings of Fact and Conclusions of Law filed contemporaneously with this Memorandum Opinion and Order, in which Galaxy's request for injunctive relief ordering the removal of the Rosenblum Affidavit from the public record has been granted.

7

proceedings, is really to mean anything then we must not permit its circumvention by affording an almost equally unrestricted action under a different label." *Lone*, 489 A.2d at 1197 (quoting *Rainier's Dairies v. Raritan Valley Farms*, 117 A.2d 889, 895 (N.J. 1955)).

The Court finds that the Rosenblum Affidavit was a republication of the pleadings in the Texas Litigation, in which the Defendants are asserting a claim to an interest in the real property referred to in the Rosenblum Affidavit. As such, the Rosenblum Affidavit is privileged, and Defendants are entitled to summary judgment in their favor on Galaxy's claim for tortious interference with existing contractual relations. Accordingly, the Court need not reach the other arguments put forth by the Defendants in favor of reconsideration.

IT IS THEREFORE ORDERED that *Defendants' Motion for Reconsideration and Judgment as a Matter of Law With Respect to Tortious Interference Claim* [Doc. No. 314] will be **GRANTED**, and summary judgment on Count I of the Amended Complaint will be entered in favor of Defendants.

_____
**UNITED STATES DISTRICT JUDGE**